1   Francis T. Fahy
    Plaintiff and Petitioner, In Pro. Se.                    E-filing
2   259 Oak Street
    San Francisco, CA 94102
3   (415) 242-4640

4              UNITED STATES DISTRICT COURT

5             NORTHERN DISTRICT OF CALIFORNIA

6

7        CV 08        2496

8   FRANCIS THOMAS FAHY,                    )   Case No.: No.
                                            )
9        Plaintiff and Petitioner, in pro se.  )   COMPLAINT FOR DECLARATORY AND
                                            )   INJUNCTIVE RELIEF, FOR DAMAGES
10   vs.                                    )   AND OTHER RELIEF FOR VIOLATION OF
                                            )   CIVIL RIGHTS, (42 U.S.C. 1983, ET. SEQ.)
11                                          )   MALICIOUS PROSECUTION,
    JUSTICES OF THE SUPREME COURT OF        )   CONSPIRACY, NEGLIGENCE, QUI TAM.
                                            )   DEFAMATION
12   THE STATE OF CALIFORNIA, CHIEF         )   JURY TRIAL DEMANDED
                                            )
13   JUSTICE RONALD M. GEORGE,              )
                                            )
14   ASSOCIATE JUSTICE CARLOS R.            )
                                            )
15   MORENO, ASSOCIATE JUSTICE JOYCE        )
                                            )
16   L. KENNARD, ASSOCIATE JUSTICE          )
                                            )
17   KATHRYN MICKLE WERDEGAR,               )
                                            )
18   ASSOCIATE JUSTICE MING W. CHIN,        )
                                            )
19   ASSOCIATE JUSTICE MARVIN R.            )
                                            )
20   BAXTER, ASSOCIATE JUSTICE CAROL        )
                                            )
21   A. CORRIGAN, THE STATE BAR OF          )
                                            )
22   CALIFORNIA,  EPSTEIN, WATAI,           )
                                            )
23   STOVITZ, SCOTT DREXEL, LAWRENCE        )
                                            )
24   J. DEL CERRO, DONALD R. STEEDMAN,      )
                                            )
25   _____   )

1  TAMMY ALBERTSEN-MURRAY, ERICA

2  L. DEMMINGS, THOMAS HUMMER, JEFF

3  BLEICH, SHELDON SLOAN,

4  PRESIDENTS, STATE BAR OF

5  CALIFORNIA, PAT MCELROY,  STATE

6  OF CALIFORNIA,

7          Defendants and respondents.

8

9                  JURISDICTION AND VENUE

10  1.    This case, brought by an attorney admitted to the bar of the State of California,  seeks to

11  declare the defendants and respondents attorney discipline scheme (hereafter, scheme) enacted

12  by and of the defendants and respondents  State of California, and as administered by defendants

13  and respondents justices of the Supreme Court of California, as administrators of the scheme, by

14  and through its administrative arm, the State Bar of California, and the rest of the defendants and

15  respondents, (hereafter, defendants or respondents or both) violates plaintiff and petitioner's, and

16  indeed all California attorneys,  their rights, privileges and immunities secured by the First,

17  Fourth, Fifth, and Fourteenth Amendments to of the United States Constitution of the

18  Constitution of the United States. Petitioner also seeks a declaration that the scheme, as enacted

19  and as administered,  violates Article 1, Section 8, Clause 3 and Article Six of the United States

20  Constitution along with those provisions said above and below..

21  2.    Respondents' conduct as herein alleged is in violation of Title 42 U.S.C. sections 1983

22  1985 and 1986. This court has jurisdiction under Title 28 U.S.C sections 1331, et seq. Plaintiff

23  further invokes the pendant jurisdiction of this Court to hear and decide claims arising out of

24  state law, including those under California Civil Code section 52 and Business & Professions

25

Code section 17200 et seq. This is also a Qui Tam action for recovery of any Federal monies

unlawfully expropriated by respondents' under the mis- and mal-administration of the scheme.

3.       This action also challenges the constitutionality of California State statutes and venue is

proper in this Court therefore. Article 1, Section 8, Clause 3 and Article Six and the First, Fourth

and 14th Amendments of the United States challenges are to California State and Court statutes

and rules, in their application, practice and use. The plaintiff seeks damages in excess of

$101,000.

4.       Venue is proper pursuant to 28 U.S.C. section 84(b)(2) since all the parties reside or do

business within the jurisdiction of the United States District Court for the Northern District of

California, and all events conduct or behavior alleged in complaint occurred within San

Francisco County and this district.

NATURE OF ACTION

5.       The respondents' scheme maintains a premise that when an attorney's Interest On

Lawyer's Trust Account (hereafter IOLTA) falls below the amount held in trust it is conclusive

and irrefutable proof that a member willfully misappropriated client funds for his own use and is

culpable of moral turpitude thereby. The petitioner complained to, and sought review from the

respondents, that this premise is illegal; it is contrary to the holding of the United States Supreme

Court in Brown v. Legal Foundation of Washington, 123 S.Ct. 1406, 538 U.S. 216, 155 L.Ed.2d

376 (U.S. 03/26/2003) holding that, for an IOLTA scheme *not* be a taking under the 5th

Amendment, it requires the choice of a non-IOLTA account when net interest can be generated

for the client or trust beneficiary.

6.       Indeed, the United States Supreme Court determined that a lawyer who mistakenly uses

an IOLTA account for money that could earn interest for the client would violate his fiduciary

duty and oath as an attorney. The respondents' premise forces California attorneys to unlawfully keep client funds in their IOLTA account or be disciplined and disbarred by respondents .

7.    The respondents' attorney disciplinary scheme forces attorney members to not only violate their duty to trust beneficiaries, in this case medical care lien-holders, but to their attorney's oath to uphold the United States and California Constitutions. The respondents' scheme violates the attorneys' right to counsel and to act in the best interests of his clients, interfering with petitioner's contractual obligations. Article me, section 10, clause 1 of the Unites States Constitution states "No State shall …. enact any Law impairing the Obligation of Contracts…" Petitioner seeks a declaration that respondents' scheme violates Article 1.

8.    The petitioner seeks an order declaring respondents' said premise unconstitutional, that petitioner cannot be found culpable of any wrongdoing of any kind on such a premise.

9.    The petitioner requests this court declare the respondents conduct an accounting of every IOLTA account maintained by all California attorneys for the previous three years, the statute of limitations of the State Bar for initiating discipline, as the respondents' premise forces all California attorneys illegally to keep entrusted funds in the respondents IOLTA trust accounts.

10.    The petitioner also complains that the defendants' attorney disciplinary scheme is a sham. For instance, the respondents fraudulently denied petitioner review on the grounds it was not requested, when it was.  The respondents refuse to follow their own rules. The respondents' fabricate facts to support their conclusions, such as that the petitioner stipulated to wrongdoing. The proceedings do not allow the plaintiff to present evidence in response to accusations. The

respondents refused the petitioner his right to look at his own files and documents. Because the respondents are granted absolute power[1] by the State of California they are absolutely corrupt.

11.     Petitioner alleges on his  and on behalf of all attorneys in the State of California that respondents' attorney discipline scheme as administered is a sham designed to drive inexpensive small firm and sole practitioner California lawyers out of the law, leaving only expensive big-firm law offices that the general public cannot afford. The general public is left with relying on the grace of politically oriented *pro bono* programs approved, certified by respondents, funded from their IOLTA income, and staffed primarily by respondent-approved big-firm-highly-paid associates, for representation. Or the public can proceed in *pro. se.* The result is that the public, unable to afford high-priced-big-firm attorneys, is left at respondents' whim and mercy.

12.     The petitioner seeks an order declaring respondents' scheme is neither administered in accordance to its own rules, law and regulations nor in a lawful or constitutional manner, and that it must be.

13.     The plaintiff petitioner seeks a declaration that the respondents' conduct their scheme constitutionally. An example of the arbitrariness and malice of the respondents' scheme is that the petitioner was ordered as a probation condition, to take two hours of a Mandatory Continuing Legal Education (hereafter, MCLE) approved anger management class for complaining of the respondents' sham proceedings. There is no such MCLE approved program. More importantly, the requirement invades the petitioner's medical privacy as it is an diagnosis to seek medical care, a diagnosis unsupported by any medical evidence; none of the respondents' or their functionaries involved to date is qualified to practice medicine.

---

[1] Respondents claim they are exempt from the constraints of the United States Constitution under the *sui generis* doctrine - their doctrine holding that their law is above the supreme law of the land.

COMPLAINT FOR DECLARATORY RELIEF - 42 U.S.C. 1983

14.     The plaintiff and petitioner alleges respondents' scheme as administered results in an overwhelming percentage of disciplinary charges against low priced small firms or sole practitioners, with over 94% of charged attorneys being found culpable and, later, being disbarred for essentially administrative oversights, such as failing to check a box on a probation form as determined in a manner secretly dictated by the respondents without notice. In the instant matter, for example, the petitioner initially was offered a private reproval if he would stop complaining about the illegal IOLTA program, and, then, suspended for two years, for refusing to admit to "moral turpitude."

15.     The plaintiff and petitioner alleges the respondents' scheme infringes his 1st Amendment speech rights. For many years the respondent has been a critic of the respondent California Supreme Court for its mis- and mal-administration of the California courts, judges, their pro bono program, attorney discipline, on how and to whom IOLTA funds are distributed and other practices under the respondents administrative authority. The petitioner submits that by respondents' mandating that the interest from IOTLA scheme serve causes the respondents choose not only takes property in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States but also grants to itself a monopoly which is then is used for the forced support of its viewpoints. The respondents' actions are serious violations of petitioner's First Amendment rights thereby. See Abood v. Detroit Bd. of Ed., 431 U. S. 209 (1977); Keller v. State Bar of Cal., 496 U. S. 1 (1990). One constitutional violation (the taking of property) has lead to another (compelled speech) and another (invasion of privacy) and another (interference with contract.)

16.     The petitioner alleges that the respondents require the petitioner to atone in order to maintain admission to the California State Bar; this in violation of Article Six of the United

States Constitution prohibiting religious tests for holding office or public trust. The respondents'

state that, their proceedings, being *sui generis*, are not subject to the constraints of the United

States Constitution; this is in violation of the Article Six of the United States Constitution.

Although respondents are granted a great deal of presumptions, privileges and immunities

omnipotence is not one of them. Condoning an order that the petitioner atone grants respondents

the power to see into the petitioners' heart and they may disbar the respondent not having been

complied with it without further proof. The petitioner seeks a declaration that an order that

petitioner atone is unconstitutional.

17.     Under California law, attorney disciplinary matters are handled by the respondents' State

Bar Court ("Bar Court"), an administrative arm of the respondents Supreme Court of California.

In practice it simply adopts the prepared findings of the respondents' prosecuting arm,

respondents' Office of Trial Counsel. The California Constitution precludes the respondent State

Bar Court and its judges from considering federal constitutional claims. See Calif. Const. art. III,

§ 3.5. The respondents seek to evade the Constitutional protections by claiming their scheme is

not punishment or punitive but for the purpose of protecting the public and rehabilitation of

attorneys. This is a fraudulent premise and a sham policy that is recited and ignored.   A

constitutional violation, even if established by a federal court, is part of California law.   And

"California law includes federal law." (People ex rel. Happell v. Sischo (1943) 23 Cal.2d 478,

491) Federal law is `the supreme law of the land (U.S. Const., art. VI, sec. 2) to the same extent

as though expressly written into every state law." Kashani v. Tsann Kuen China Enterprise Co.

(2004) 118 Cal.App.4th 531, 543. Thus the State Bar court and its judges are acting in violation

of Article Six Section 2 and their decisions, rulings or recommendations are void and invalid.

Petitioner requests that the law be declared invalid and the State Bar Court's recommendations

1  and decisions are and always have been invalid and void as a matter of law and incapable of

2  review even if review was validly conducted, which it was not.

3  18.    The Bar Court is purported to be divided into a Hearing Department and a Review

4  Department. In fact, there are no ethical walls between the respondents' prosecutor, judges' staff

5  and administration; all personnel and the departments are intermingled;  decisions are written

6  before the proceedings and hearings take place.

7  19.    Respondents' claim an attorney may appeal to the Review Department, which it claims

8  reviews the Hearing Department's findings de novo and makes its own recommendation. This is

9  false; the Review Department fabricates facts and conclusions. Here, respondents review court

10  denied that petitioner requested review when he had. Abstention is inappropriate where "… that

11  the state tribunal is incompetent by reason of bias." Gibson v. Berryhill, 411 U.S. 564, 577-79,

12  36 L. Ed. 2d 488, 93 S. Ct. 1689 (1973).  Plaintiff and petitioner seeks a declaration that the

13  respondents' tribunal is incompetent.

14  20    Respondents claim the accused may file a petition for review with the California

15  Supreme Court. They claim it either grants review and issues a final order or denies review, in

16  which case the Bar Court's recommendation is filed as an order of the Supreme Court. In

17  practice, respondent Supreme Court does not read the recommendations, rarely grants review and

18  refuses to oversee or control the proceedings of the State Bar, denying virtually all petitions

19  presented to it without considering them.

20  21.    Throughout this process, the Supreme Court retains inherent jurisdiction over attorney

21  disciplinary matters yet refuses to exercise it. In practice, the respondents Supreme Court

22  exercises no control, oversight or supervision, allowing the respondents State Bar Court and its

23  Review Department to operate as sham and a fraud.

22.     Disciplinary rules governing the legal profession cannot punish activity protected by the First Amendment. First Amendment protection survives even when an attorney violates an ethical rule that he or she swore to obey when admitted to the practice of law. (Gentile v. State Bar of Nevada (1991) 501 U.S. 1030, 1054.)

## STANDING

23.     The plaintiff petitioner has suffered distinct and palpable injuries traceable to the challenged scheme and provisions, both facially and as applied, that would likely be redressed by a favorable decision for the plaintiff petitioner and has been otherwise harmed as alleged above and below and continues to be harmed by the conduct of the defendants unless the declaratory relief is granted. The petitioner seeks prospective relief.

## IMMUNITY NOT AVAILABLE

24.     This Court "... need not decide whether judicial immunity would bar prospective relief," for the respondents are sought to be "... held liable in their enforcement capacities." Virginia v. Consumers Union of the United States, Inc., 446 U.S. 719, 736 (1980)

25.     A suit seeking prospective equitable relief against a state actor who has engaged in a continuing violation of federal law is not deemed to be a suit against the State for purposes of state sovereign immunity. Will v. Mich. DeD't of State Police, 491 U.S. 58,71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) Since the State cannot authorize its officers to violate federal law, such officers are "stripped of [ their] official or representative character and [ are ] subjected in [their] person to the consequences of [their] individual conduct." Relief is available to remedy continuing violations of federal statutory as well as constitutional law. Sufamor Danek Group. Inc. v. Brown, 124 F. 3d 1179, 1184 (9th Cir. 1997)." California case law supports exceptions to

judicial immunity. (See <u>Regan v. Price</u>, 2005 DJDAR 10071 (Cal. App. 3rd Dist. Aug. 17, 2005).)

26.     Absolute judicial immunity only applies to judicial acts and not to administrative, legislative, and executive functions that judges may perform. <u>Crooks v. Maynard</u>, 913 F.2d 699 (9th Cir. 08/31/1990) Judges are not immune, "… from claims for prospective injunctive relief." <u>Lebbos v. Judges of Super. Ct. of Santa Clara County</u>, 883 F.2d 810, 813 n.5 (9th Cir. 1989)

27.     In determining whether the doctrine of <u>Ex parte Young</u> avoids an Eleventh Amendment bar to suit, a court need only conduct a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." <u>Idaho v. Coeur d'Alene Tribe of Idaho</u>, 521 U. S. 261, 296 (1997)

28.     Although "(T)he *Rooker-Feldman* doctrine … does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court, see 28 U. S. C. §1257(a)…the doctrine has no application to judicial review of executive action." <u>Verizon Maryland Inc. v. Public Service Commission of Maryland</u>, 122 S.Ct. 1753, 1760, 122 S.Ct. 1959, 152 L.Ed.2d 1020, 152 L.Ed.2d 871 (U.S. 05/20/2002)

OPPOSITION TO MAGISTRATE

29.     Plaintiff OBJECTS to magistrate's jurisdiction, therefore, pursuant to F.R.C.P., Rule 73(b), all proceedings shall be preformed by an Article III judicial officer, including all pre-trial conferences required by Rule 16, see <u>Sanders v. Union Pacific R.R.</u>,-F. 3d (9th Cir. 2001)

BACKGROUND FACTS

30.     The plaintiff petitioner was admitted to the California Bar in 1990. Shortly thereafter he volunteered for the State Bar pro bono program (hereafter, program), representing litigants pro bono in family law cases. After participating in the program for some time he complained that he

was constantly assigned cases of dissolution of sham marriages for immigration fraud purposes. He asked if the program could have a more thorough screening system as he felt this was an improper use of pro bono services. Instead, the respondents' awarded the plaintiff its' State Bar's Wiley M. Manuel award for the many pro bono hours he had performed and never contacted him again with referrals. Defendants' grant of such awards is their backhanded way to silence dissent. In the disciplinary proceeding the respondents considered the award as nugatory in supporting the petitioner's credibility and good character. They consider their own awards as frivolous.

31.    In 1998 the plaintiff undertook representing a client in a personal injury matter; she alleged she slipped and fell in a theater on a torn carpet. The client represented she had been severely injured. The plaintiff obtained her medical records. He could find only one entry in her records indicating a minor fall complaint. The hospital, San Francisco General, sent a lien for over $35,000 on any recovery the client had in the matter; the lien was for bills for treatment unrelated to a fall. The petitioner expressed his concern about this lien. Upon demand, the insurer for the theater landlord sent a check for $5,000 to pay medical bills regardless of whether the theater landlord was at fault. The plaintiff placed the $5,000 in his State Bar IOLTA account as mandated by the defendants' scheme. The client later fired the plaintiff as her attorney.

32.    The $5,000 held in trust; it was disputed as to which medical care provider was entitled to them. The plaintiff obtained an agreement with the sole lien claimant to, San Francisco General Hospital, to put the entrusted $5,000 in separate trust earning interest for the trust beneficiaries, if any, until the resolution of the claims of the client, or when it was decided who was owed the money, given the funds were solely to pay for past or future medical treatment. At no time was

1   the client entitled to or was any of the 5,000 to be given to the client. The client was informed of

2   and agreed to these arrangements.

3   33.    After six months, a new attorney contacted the plaintiff and claimed the client was not

4   informed of receipt of the $5,000. The plaintiff informed the new attorney that the client was

5   informed, and immediately sent the client's new attorney the $5,000 to hold in trust, along with

6   his lien for fees and costs earned. In response to the claim for fees and costs, the new attorney

7   prepared and had the client sign a complaint to the State Bar alleging petitioner had not informed

8   the client of receipt of the $5,000 for payment of medical bills.

9   34.    The respondent State Bar contacted the petitioner and asked him about the complaint.

10  Petitioner informed the State Bar that he had informed client of receipt of the $5,000. The client

11  demanded but the plaintiff refused to give the money to her. The petitioner explained again that

12  the $5,000 belonged to medical care lien holders, including San Francisco General Hospital, who

13  had agreed to holding of the $5,000 in non-IOLTA trust.

14  35.    The respondent did not hear from the defendant State Bar again for several years. Then

15  the defendant received a letter from defendant Erica Demmings advising him he was to be

16  charged with several counts of misconduct relating to the $5,000 including misappropriation for

17  not leaving the funds in the defendants IOLTA account.  He was offered private reproval in lieu

18  of charges being filed. He was sent a document entitled private reproval,  prepared by defendant

19  and respondent State Bar. It said the plaintiff was to stipulate to moral turpitude. The plaintiff

20  objected to that part of the stipulation and agreed to stipulate to negligence in handing the trust

21  funds as his records were hand-written. The defendants State Bar and Erica Demmings along

22  with defendant David Hummer were present when the defendants agreed to this form of the

23  private reproval. The plaintiff signed and returned the stipulation to private reproval without

moral turpitude portion sent to him by the defendants. The defendants refused to honor their agreement and filed charges against the plaintiff. The respondents refused and continue to refuse to honor their agreement.

36.    The petitioner filed a number of motions after the charges were filed with the respondent State Bar Court. All were denied, without reason, despite plaintiff's request a statement of decision for each. One motion was brought on the grounds that the only reason the charges were filed was because the petitioner's IOTLA account fell below the $5,000 despite the funds being held in a non-IOLTA trust. The motion was denied without reason given.

37.    A hearing was held with defendant and respondent Patrice McElroy. Defendant and respondent Tammy Albertsen Murray prosecuted the charges against the plaintiff. The evidence presented showed the client was never entitled to any part of the $5,000 or allowed to hold it in trust; all was owed to medical care lien holders, except one-third payable to the plaintiff. The evidence showed the only claimed lien holder was the San Francisco General Hospital. The evidence showed the said claimed lien holder was on notice of the $5,000 held in trust and agreed the $5,000 could be held in a non-IOLTA trust pending resolution of the client's claims. Respondent McElroy rejected this evidence holding that because the amount of the plaintiff's IOLTA account fell below $5,000 the petitioner had willfully misappropriated the some or all of it for his own use, and was irrefutably culpable of moral turpitude thereby. At the hearing the plaintiff was refused his request to look at his own file and to produce evidence from it showing he had placed the $5,000 in trust earning interest for the trust beneficiaries, whoever they were determined to be. The defendant Pat McElroy determined the plaintiff petitioner was entitled to one third of the $5,000 held in trust as a fee and the remainder belonged to trust beneficiaries other than the client who filed a complaint against the plaintiff.

38.    The petitioner sought review. The review court, before respondents Epstein, Watai and Stovitz, refused plaintiff's rights as alleged above, and adopted the findings of the State Bar court and respondent McElroy. They refused to review the several motions, despite specific pleadings by the petitioner that it does so. They falsely stated no such request was made by the petitioner and therefore it need not address the issue that their and the respondent State Bar court's finding conflicted with the holding in Brown v. Legal Foundation of Washington, 123 S.Ct. 1406, 538 U.S. 216. The defendants review department also falsely stated the petitioner stipulated to culpability.

39.    Petitioner sought review to the respondents, the justices of the Supreme Court of California in their capacity as administrators of the attorney discipline scheme. Their response was to deny review and accept the findings of the respondents State Bar review department without comment. The petitioner was suspended by the respondents from the practice of law for two years with three years of probation, with conditions, including taking an ethics course and 'anger management' class approved by MCLE. There being no provider of such a class as it would be illegal, it is an impossible condition for which the respondent will be disbarred if this court declines to act. The final order of the respondent Supreme Court of California was made on June 20, 2007.

40.    Respondents' published report of the discipline imposed on the plaintiff falsely stated the plaintiff did not send the $5,000 to the new attorney for the client for over five months after request was made for "return of the funds" (falsely intimating the funds were taken in the first place.) This is false; the evidence shows the $5,000 was sent to the new attorney within five days after receiving the request for them.

41.    The reason that the moral turpitude finding is important to the plaintiff is because such a finding by the respondents becomes a record that prevents the petitioner from obtaining any other professional license in the State of California or elsewhere. Respondents' unlawful conduct violates the Commerce Clause thereby.

PARTIES

42.    At all times relevant Plaintiff and petitioner Francis Thomas Fahy was an attorney admitted to practice before all the courts of the State of California and practiced law in the county of San Francisco, California.

43.    Defendant and respondent the Supreme Court of California is the supreme judicial body for the State of California, created under the constitution of the State of California, controlling as well as administering the attorney admissions and discipline scheme by and through its administrative arm the defendant State Bar of California but retains final authority over said admissions and discipline, said scheme being enacted and approved by the defendant and respondent the State of California, a state of the union of the United States of America.

44.    Defendant and respondent State Bar of California (hereafter, State Bar) is an organization created under California law as the administrative arm of the California Supreme Court for its attorney admissions and discipline scheme.

45.    At all times relevant defendant and respondent Ronald George was and is hereby sued in his individual and official capacity as chief justice of the Supreme Court of the State of California as chief administrator of the attorney admission and discipline scheme enacted in the State of California.

46.    At all times relevant defendant and respondent Marvin Baxter was and is hereby sued in his individual and official capacity as associate justice of the Supreme Court of the State of

California, and as administrator of the attorney admission and discipline scheme enacted in the State of California.

47.    At all times relevant defendant and respondent Joyce Kennard was and is hereby sued in her individual and official capacity as associate justice of the Supreme Court of the State of California, and as administrator of the attorney admission and discipline scheme enacted in the State of California.

48.    At all times relevant defendant and respondent Ming Chin is hereby was and sued in his individual and official capacity as associate justice of the Supreme Court of the State of California, and as administrator of the attorney admission and discipline scheme enacted in the State of California,

49.    At all times relevant defendant and respondent Kathryn Mickle Werdegar  is hereby sued in her individual and official capacity as associate justice of the Supreme Court of the State of California, and as administrator of the attorney admission and discipline scheme enacted in the State of California,

50.    At all times relevant defendant and respondent Carlos R. Moreno is hereby sued in his individual and official capacity as associate justice of the Supreme Court of the State of California, and as administrator of the attorney admission and discipline scheme enacted in the State of California,

51.    At all times relevant defendant and respondent Carol A. Corrigan was  and is hereby sued in her individual and official capacity as associate justice of the Supreme Court of the State of California and as administrator of the attorney admission and discipline scheme enacted in the State of California,

52.    At all times relevant defendant and respondent Epstein was and is hereby sued in her individual and official capacity as a review judge and official of the State Bar, the administrative arm of the Supreme Court of the State of California in its administration of the attorney admission and discipline scheme enacted in the State of California.

53.    At all times relevant defendant and respondent Watai was and is hereby sued in her individual and official capacity as a review judge and official of the State Bar, the administrative arm of the Supreme Court of the State of California in its administration of the attorney admission and discipline scheme enacted in the State of California,

54.    At all times relevant defendant and respondent Stovitz was and is hereby sued in his individual and official capacity as a review judge and official of the State Bar, an administrative arm of the Supreme Court of the State of California in its administration of the attorney admission and discipline scheme enacted in the State of California,

55.    At all times relevant defendant and respondent Lawrence J. Del Cerro was and is hereby sued in his individual and official capacity as director, agent employee supervisor manager or administrator of each of the other defendants and official of the State Bar, Office of Trial Counsel, an administrative arm of the Supreme Court of the State of California in its administration of the attorney admission and discipline scheme enacted in the State of California.

56.    At all times relevant defendant and respondent Scott Drexel was and is hereby sued in his individual and official capacity as a director agent employee supervisor manager or administrator of each of the other defendants and official of the State Bar, Office of Trial Counsel, an administrative arm of the Supreme Court of the State of California in its administration of the attorney admission and discipline scheme enacted in the State of California.

57.    At all times relevant defendant and respondent Donald R. Steedman was and is hereby sued in his individual and official capacity as attorney agent employee supervisor manager or administrator of each of the other defendants and official of the State Bar, Office of Trial Counsel, an administrative arm of the Supreme Court of the State of California in its administration of the attorney admission and discipline scheme enacted in the State of California.

58.    At all times relevant defendant and respondent Tammy Albertsen-Murray was and is hereby sued in her individual and official capacity as agent employee supervisor manager or administrator of each of the other defendants and an official of the State Bar, Office of Trial Counsel, an administrative arm of the Supreme Court of the State of California in its administration of the attorney admission and discipline scheme enacted in the State of California.

59.    At all times relevant defendant and respondent Jeff Bleich was and is hereby sued in his individual and official capacity as president, director, agent employee supervisor manager or administrator of each of the other defendants and an official of the State Bar, an administrative arm of the Supreme Court of the State of California in its administration of the attorney admission and discipline scheme enacted in the State of California.

60.    At all times relevant defendant and respondent Sheldon Sloan was and is hereby sued in his individual and official capacity as president, director, agent employee supervisor manager or administrator of each of the other defendants and official of the State Bar, an administrative arm of the Supreme Court of the State of California in its administration of the attorney admission and discipline scheme enacted in the State of California.

61.    At all times relevant defendant and respondent Erica L. Demmings was and is hereby sued in her individual and official capacity as attorney, agent employee supervisor manager or administrator of each of the other defendants and official of the State Bar, an administrative arm

of the Supreme Court of the State of California in its administration of the attorney admission

and discipline scheme enacted in the State of California.

62.    At all times relevant defendant and respondent Thomas Hummer was and is hereby sued

in his individual and official capacity as agent employee supervisor manager or administrator of

each of the other defendants and official of the State Bar, an administrative arm of the Supreme

Court of the State of California in its administration of the attorney admission and discipline

scheme enacted in the State of California.

63.    At all times relevant defendant and respondent Patrice McElroy was and is hereby sued in

her individual and official capacity as hearing officer, agent employee supervisor manager or

administrator of each of the other defendants and official of the State Bar court, an administrative

arm of the Supreme Court of the State of California in its administration of the attorney

admission and discipline scheme enacted in the State of California.

64.    At all relevant time defendants and respondents were acting under color of state law.

CAUSE OF ACTION FOR DEPRIVATION OF RIGHTS

UNDER COLOR OF LAW OR AUTHORITY

42 U.S.C. 1983

By this reference, Plaintiff incorporates each and every allegation and averment set forth

in paragraphs 1 to 64 of this Complaint as though fully set forth herein.

65.    Plaintiff hereby asserts against each and every defendant named above a claim for their

'conduct or behavior" and/or "committed in conspiracy" under color of law, or official right, to

deprive plaintiff of rights, privileges, and immunities secured by Act of Congress and the

Constitution of the United States, and with intent to injure plaintiffs person and property, for

which the court can award damages and injunctive relief.

COMPLAINT FOR DECLARATORY RELIEF - 42 U.S.C. 1983

66.    Plaintiff asserts a claim against every above-said defendants for their conduct and behavior committed depriving plaintiff of his First, Fourth, Sixth and Fourteenth Amendment rights under the Constitution, including to due process under proper proceedings at law, which presents a claim for which the court can award damages and injunctive relief.

67.    Section 1983 of Title 42 of the Unites States Code forbid an individual, while acting under color of state law, to deprive a citizen of a right secured by the constitution of the law of the United States.

68.    Amendment 1 of the United States Constitution provides the plaintiff with a right to engage in speech free from government interference, control, limitation or retaliation as well as petition the government for redress without government interference control limitation or retaliation.

69.    In a continuing violation beginning in 2003 the defendants participated in or permitted condoned and encouraged action including adverse licensing action against the plaintiff in retaliation for the exercise of his First Amendment rights.

70.    In a continuing violation beginning in 2003 defendants have participated in or permitted condoned and encourage the disport and unfair treatment of the plaintiff due to the exercise of his First Amendment rights.

## CLAIM FOR CONSPIRACY AGAINST RIGHTS

### 18 United States Code section 241.

By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 to 64 of this Complaint as though fully set forth herein.

71.    Plaintiff hereby asserts a claim against said defendants for conspiracy.

72.    Defendants did knowing violate "clearly established law," and demonstrated a reckless disregard for law, and the federal civil rights of citizens and the Constitution that they are sworn

1  to defend and protect, and did subject plaintiff with deprivation of rights, privileges, and

2  immunities secured by Act of Congress, and the Due Process Clause of the Constitution of the

3  United States, the predicate acts, committed in conspiracy were the direct, or indirect causation

4  of plaintiffs injuries to his person and property and present a cognizable claim for which the

5  court can award damages and declaratory relief.

6  73.    The said defendants acted as stated above order to punish and deter the plaintiff from and

7  for his complaining about the unlawful practices in California as specified above.

## CAUSE OF ACTION FOR CIVIL CONSPIRACY

## TO VIOLATE PLAINTIFF'S CIVIL RIGHTS

## UNDER SECTION 42 U.S.C. § 1983-1986

By this reference, Plaintiff incorporates each and every allegation and averment set forth
in paragraphs 1 to 64 of this Complaint as though fully set forth herein.

74.    Defendants and each of them and acting in their individual capacities and under color of

law, having conspired together and with others, reached a mutual understanding and acted to

undertake a course of conduct that violated Plaintiff's civil rights, to wit:

75.    The Defendants agreed and acted to intentionally falsely charge and prosecute the

Plaintiff as aforedescribed.

76.    The Defendants agreed and acted to intentionally fabricate and contrive the charges

lodged against Plaintiff as aforedescribed.

77.    The Defendants agreed and acted to intentionally submit false reports, statements, and

testimony to support and corroborate the fabricated charges lodged against Plaintiff.

78.    The Defendants agreed and acted with others to harass, threaten, and intimidate and

terrorize Plaintiff in order to deprive him of his rights under the First Amendment of the United

States Constitution.

79.    The Defendants agreed and acted with others to punish Plaintiff for having exercised constitutionally protected rights to confront and question the performance of a public official.

80.    As a direct and proximate result of the conspiracy between Defendants and others as aforedescribed, Plaintiff was maliciously prosecuted, falsely charged and was deprived of his right to the equal protection of the laws, to due process rights to be free from arbitrary and unreasonable action, which are secured under the Fourth, Fifth, and Fourteenth Amendments to the United states Constitution and protected by 42 U.S.C. § 1983,

81.    As a direct and proximate result of the conspiracy between Defendants and others as aforedescribed, Plaintiff was defamed, injured in his reputation,  relationships and his privacy was invaded.

82.    As a direct and proximate result of the conspiracy between Defendants and others as aforedescribed, Plaintiff was maliciously prosecuted, was deprived of his right the equal protection of the laws, to due process rights to be free from arbitrary and unreasonable action, which are secured under the First, Fourth, Fifth, and Fourteenth Amendments to the United states Constitution and protected by 42 U.S.C. § 1983, was defamed, injured in reputation and relationships.

## CAUSE OF ACTION FOR SUPERVISORY LIABILITY
## OF DEFENDANT SUPREME COURT OF CALIFORNIA, ET ALIA,
## COGNIZABLE UNDER SECTIONS 42 U.S.C. 1983 AND 1986

By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 to 64 of this Complaint as though fully set forth herein.

83.    Defendants justices of the California Supreme Court as Administrators and their designated representative, along with defendants State Bar and its agents, employees,

administrators, directors, president and managers knew or in the exercise of due diligence should have known that the conduct of the other defendants was likely to and did occur.

84.    Said defendants intentionally, maliciously and/or negligently failed to take any preventative or remedial measures to guard against the conduct of the other Defendants more fully set forth and described herein.

85.    Had defendants taken such measures, Plaintiff would not have suffered the deprivation of his rights fully set forth herein, the failure of amounted to deliberate indifference, or deliberate misconduct, which directly caused the deprivations suffered by Plaintiff. Said defendants failed to train, instruct, supervise, and discipline the other Defendant, and said failure caused Plaintiffs damages.

86.    After Plaintiff had been charged,  defendants participated, directly or indirectly, in the prosecuting the plaintiff , had knowledge of the widespread and pervasive policy, custom, practice, and usage of malice, fraud, animosity and intentional discrimination toward defendants and other attorneys like him, that the administration's wrongdoing motivated conspiratorial wrongs against Plaintiff were about to be committed, had power to prevent or to aid in preventing the commission of those wrongs, and neglected to do so.

87.    These wrongful acts were committed as aforedescribed above and these wrongful acts could have been prevented by the exercise of reasonable diligence by the said defendants .

88.    As a direct and proximate result of the aforedescribed unlawful and malicious acts of Defendants, Plaintiff was deprived of his right to be secure against unlawful and unreasonable harm, injury, to equal protection of the laws, and to Due Process of Law, in violation of the Fourth and Fourteenth Amendments.

<u>CAUSE OF ACTION AGAINST THE JUSTICES OF THE CALIFORNIA SUPREME COURT,  AS ADMINISTRATORS BY AND THROUGH ITS ADMINISTRATIVE ARM AND AGAINST THE STATE BAR OF CALIFORNIA AND ITS AGENCIES</u>

COMPLAINT FOR DECLARATORY RELIEF - 42 U.S.C. 1983

1    By this reference, Plaintiff incorporates each and every allegation and averment set forth
2    in paragraphs 1 to 64 of this Complaint as though fully set forth herein.
3    89.    Defendants justices of the California Supreme Court, defendants State Bar of California
     and defendants as administrators, directors, agent and employees has failed and continues to fail
4    to train its attorneys, judges and other employees, agents and personnel in fundamental
5    constitutional and civil rights law and procedures in proceedings stated above.
6    90.    Indeed, it is the policy of the said defendants in encouraging false statements and
7    evidence, falsifying documents, fraud, and ratifying same by systemic deficiencies in
     disciplining said officers and personnel or in investigation of complaints;
8    91.    The foregoing acts, omissions, and systemic failures are customs and policies of
9    defendants and public entities stated above, and caused administration and enforcement officers
10   of said defendants to believe that determination of the right to charge was within their discretion
11   and that complaints of unlawfulness would not be honestly or properly investigated, with the
     foreseeable result that officers would be likely to illegally charge, threaten, illegal invasions of
12   privacy and to use improper means and fabricate evidence.
13   92.    As a direct and proximate cause of the aforesaid acts, omissions, policies and customs of
14   said defendants caused plaintiff to be improperly charged and subjected to a sham proceeding.
15   <u>CAUSE OF ACTION FOR UNLAWFUL CHARGES, CONSPIRACY TO</u>
16   <u>AND ISSUANCE OF CHARGES AND EXCESSIVE PROSECUTION</u>
17   By this reference, Plaintiff incorporates each and every allegation and averment set forth
18   in paragraphs 1 to 64 of this Complaint as though fully set forth herein.
19   93.    At all times material and relevant herein, each of the defendants was acting within the
20   scope of their authority as administrators, prosecutors or representatives' for each of the other
21   Defendants
22   94.    Said charges, harassment, prosecution and charges were in violation of state law, the
     Unruh Act, as well as Federal law.
23   95.    Said threats, and charges and proceedings used against plaintiff were unreasonable and
24   constituted oppression under the aforesaid laws of the State of California.
25   96.    Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.
     <u>CAUSE OF ACTION FOR OTHER CIVIL RIGHTS VIOLATIONS</u>

COMPLAINT FOR DECLARATORY RELIEF - 42 U.S.C. 1983

By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 to 64 of this Complaint as though fully set forth herein.

97.    At all times material to this complaint, defendants and each of them, were acting within the scope of their authority as a administrators, directors, deputies, prosecutors and/or  for and of other defendants

98.    Through its enforcement powers, administration, prosecutorial department, defendants pursued de facto policies, practices and customs that were a direct and proximate cause of the unconstitutional, harassment of the plaintiff, and the other deprivations of Constitutional rights alleged herein.

99.    These policies, practices and customs include, inter alia: favoring particular attorneys to the exclusion of others, exclusion of evidence, commencing and maintaining a campaign of prosecution of objectors to the system, failure to properly screen, supervise, discipline, transfer, counsel or otherwise control directors, employees, prosecutors, judges, and administrators who are known or who should have been known to engage in the use of lawlessness, vindictive and groundless prosecution, especially those repeatedly accused of such improper acts; ratification of acts of improper use of prosecutorial powers, judging,  and maintaining a code of silence wherein other administrators, judges, prosecutors, employees, personnel, officers and supervisors habitually cover up use of lawlessness and malicious, vindictive and sham proceedings.

100.    A notice of claim against defendants in this matter was filed within the time provided by law and was denied by said defendants

101.    Defendants are employed by, supervised, managed, controlled, ratified, approved of and directed by each of the other defendants at all times relevant to this action and their actions were within the scope of their employment, control or supervision.

CAUSE OF ACTION FOR MALICIOUS PROSECUTION

1    By this reference, Plaintiff incorporates each and every allegation and averment set forth

2    in paragraphs 1 to 64 of this Complaint as though fully set forth herein.

3    102.    Defendants commenced and prosecuted a disciplinary case against the plaintiff that was

4    utterly and completely without basis and designed to and did cause plaintiff to expend a great

5    deal of time and emotional distress in fighting against the unfounded and unwarranted

6    prosecution by the defendants, which have been a serious burden to plaintiff.

7    103.    Plaintiff incurred and will be forced to incur substantial obligations for attorney's fees,

8    court reporters' fees, investigation expenses, and other expenses in this civil suit because of the

9    unfounded and unwarranted prosecution by the defendants, against plaintiff,

10    104.    By reason of the above, plaintiff was greatly injured in his profession, business and

11    reputation and was exposed to public scandal and disgrace, suffered great mental anguish, was

12    prevented from attending to his business for a long time, and was deprived of his constitutional

13    rights as described above, all to his damage.

14    105.    As a direct and proximate result of the aforedescribed unlawful and deliberately

15    indifferent actions of defendants and each of them, committed under color of law and under their

16    authority as the administrators of attorney discipline directly and by and through its

17    administrative arm, the State Bar  and its officers, Plaintiff suffered grievous harm and was

18    deprived of his right to be free from accusations, discipline and entitled to the due process of law

19    as guaranteed by the Fourteenth Amendment to the United States Constitution;

20    106.    As a direct and proximate result of the aforedescribed unlawful and deliberately

21    indifferent actions of defendants and each of them, committed under color of law and under their

22    authority as the administrators of attorney discipline directly and by and through its

23    administrative arm, the State Bar  and its officers, the Plaintiff was subjected to false prosecution

24    and a deprivation of plaintiff's peace of mind without Due Process of law under the Fourteenth

25    Amendment of the Constitution the United States and to be free of Cruel and Unusual

1  Punishment under the Eighth and Fourteenth Amendments of the Constitution of the United

2  States resulted in the plaintiff being injured as alleged above and below.

3  107.    As a direct and proximate result of Defendants the California Supreme Court justices

4  acting as administrators, and other defendants deliberate and intentional failure to intercede on

5  behalf of Plaintiff and prevent the violation of his constitutional rights as aforedescribed,

6  committed under color of law and under authority of the California Supreme Court, its agents

7  and officers, Plaintiff suffered grievous mental anguish and was deprived of his right to be secure

8  against unreasonable and false charges, in violation of the Fourth and Fourteenth Amendments of

9  the Constitution of the United States and 42 U.S.C. § 1983.

10  <u>CAUSE OF ACTION AGAINST SUPREME COURT OF CALIFORNIA JUSTICES AS</u>

11  <u>ADMINISTRATORS OF THE ATTORNEY DISCIPLINE SCHEME BY AND THROUGH</u>

12  <u>DEFENDANT STATE BAR AND ITS OFFICE OF ENFORCEMENT</u>

13          By this reference, Plaintiff incorporates each and every allegation and averment set forth

14  in paragraphs 1 to 64 of this Complaint as though fully set forth herein.

15  108.    The defendants justices of the California Supreme Court in role as administrator of the

16  scheme encourages approves, condones and participates with its deputies, employees, and

17  agents in their unlawful charges, and ratifies and approves systemic deficiencies in the scheme

18  and in failing to discipline officers or in investigation of complaints;

19  109.    The foregoing acts, omissions, and systemic failures are customs and policies of and

20  caused defendants deputies, directors, administrators and employees of the defendants to believe

21  that determination of the right to issue false charges and warrants and to use illegal

22  unconstitutional, fraudulent and sham practices is was and will be within their discretion and that

23  complaints of illegal charges would not be honestly or properly investigated, with the foreseeable

24  result that agents, deputies and officers would be likely to illegally issue and prosecute false,

25  fraudulent, and sham charges proceedings and tribunals.

110.   As a direct and proximate cause of the aforesaid acts, omissions, policies and customs of defendants in improperly charging him, and as a result of the lawlessness and misconduct of the defendants stated and named above, plaintiff sustained injuries, losses and damages as alleged above and below.

### CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF THE

### CALIFORNIA UNFAIR BUSINESS PRACTICES ACT

#### Business & Profession Code sec. 17200

By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 to 64 of this Complaint as though fully set forth herein.

111.   Defendants State of California, the Supreme Court of California, and its justices acting as administrators of the scheme, and the other defendants, and each of them, did the acts alleged above in order to further their illegal scheme, practices, procedures, business and activities as specified in and in violation of California Civil Code section 17200, et seq. including unlawful, unfair or fraudulent business acts or practices and unfair, deceptive schemes.

112.   Plaintiff seeks each and every remedy provided under California Business & Professions Code section 17200 et seq., including injunctions, and treble damages, including attorney's fees.

CAUSATION

113.   As a direct and proximate result of the conduct alleged, plaintiff suffered physical and emotional pain, trauma, turmoil, worry embarrassment, anguish and anxiety, as well as loss of property, earnings, and was required to obtain legal counsel and become obligated to pay attorneys fees. Defendants conduct was willful, fraudulent, reckless, malicious, oppressive, despicable and deceitful and done in reckless disregard of constitutional rights and with specific intent of harming and injuring the plaintiff and cause him severe emotional distress.

114.   As a proximate and natural result of all defendants deprivation of plaintiffs Constitutional rights, conspiracy, actions, and omissions, including those of their agents, officers, employees,

1 who were acting in conspiracy and joint participation under color of official right, or under color

2 of state law as governmental actors and private actors, plaintiff has been subjected to injuries and

3 has suffered, will continue to suffer the following damages and losses and hereby prays for relief

4 from all defendants, and each defendant as follows:

PRAYER FOR RELIEF

6      WHEREFORE, plaintiff and petitioner respectfully requests that this Court enter

7 judgment in his favor as follows:

8      1.    Declaring California's IOLTA scheme as enacted and administered by the

9 defendants is an unlawful and uncompensated taking of under and in violation of the 5th

10 Amendment of the United States Constitution.

11      2.    Ordering the defendants and respondents State of California, justices of the

12 Supreme Court of California, its administrator arm the State Bar of California and the other

13 defendants and respondents named herein to present to the Court within 60 days a plan and

14 timetable for bring the IOLTA scheme into compliance with the law.

15      3.    Ordering the defendants and respondents the State of California, the Supreme

16 Court of California and its justices, the State Bar of California and the other defendants and

17 respondents named herein to present to the Court to conduct an accounting of all accounts

18 maintained by all attorneys in the State of California under the defendants IOLTA scheme in

19 order to determine amount of and then to compensate both plaintiff and the public for funds

20 wrongfully taken from them under said IOLTA scheme as enacted or administered in the State of

21 California.

22      4.    Declaring the defendants and respondents State of California, Supreme Court of

23 California and its justices as administrators of the attorney admissions and discipline scheme

24 through its administrative arm, the State Bar and its agents, employees, directors, administrator

25 and president as enacted in the State of California or as administered and applied to be in

1  violation of Article One and Six and the 1st 4th, 5th and 14th Amendments of the United States

2  Constitution.

3       5.    Ordering the State of California and the defendants and respondents named herein

4  to present to the Court within 60 days a plan and timetable for bring defendants said admission

5  and discipline plan into compliance with the law.

6       6.    Declaring that defendants' presumption,  that when an attorney's IOLTA account

7  falls below an amount held in trust it constitutes willful misappropriation of entrusted funds by

8  an attorney for the attorneys own use, violates the 5th Amendment taking clause, the 1st

9  Amendment speech and the 14th Amendment due process and equal protection rights of the

10  United States Constitution.

11       7.    Mandating that the said defendants conduct, operate and administer proceedings

12  in accordance with the United States Constitution, the law and not in a fraudulent and sham

13  manner.

14       8.    The plaintiff be awarded Damages in the amount to be determined and proven

15  allowed according to law in the amount of not less than one hundred thousand dollars

16  ($101.000);

17       9.    The plaintiff be awarded all damages permitted by state and Federal law,

18  including treble damages under B&P Code section 17200 and the Unruh Act and any other

19  monetary relief awarded by the jury as they believe reasonable and just compensation for

20  Defendants' conduct which was egregious and the causation of plaintiff s injuries under the

21  totality of the circumstances and by the preponderance of the evidence.

22      WHEREFORE, the plaintiff respectfully prays for Trial by Jury (F.R.C.P. Rule 38), and

23  Judgment be rendered against all defendants for their conduct and behavior which deprived

24  Plaintiff of rights secured by Acts of Congress, the Constitution of the United States and laws of

25  the State of California as prayed for herein.

COMPLAINT FOR DECLARATORY RELIEF - 42 U.S.C. 1983

1    CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

2          Pursuant to Civil L.R. 3-16, the undersigned certifies that of this date, other than the

3    named parties, there is no such interest to report.

4                                    CERTIFICATION

5          I declare under penalty of perjury under the laws of the United States and of the State of

6    California that the foregoing is true and correct except as to those matters stated on my

7    information and belief and as to those matters, I believe them to be true. Signed this 16th day

8    of May in the City & County of San Francisco, California _____

9                                                    Francis Thomas Fahy

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT FOR DECLARATORY RELIEF - 42 U.S.C. 1983