IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS THOMAS FAHY,<br><br>    Plaintiff,<br><br>v.<br><br>RONALD M. GEORGE, et al.,<br><br>    Defendants.<br>_____/ | No. C-08-2496 CW<br><br>ORDER RE SERVICE |

The above-captioned complaint was filed on May 16, 2008, and a Case Management Conference was set for August 19, 2008. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint. To date, the summons and complaint have not been served. Accordingly,

IT IS HEREBY ORDERED that the Plaintiff serve the summons, complaint, and the enclosed Amended Order Setting Case Management Conference on the Defendants by September 16, 2008 (see attached instructions for service). Failure to timely serve the summons, complaint and Amended Order Setting Case Management Conference will result in dismissal of this case for failure to prosecute. The Case Management Conference is continued to **October 21, 2008, at 2:00 p.m.**

Dated: 8/13/08

_____
CLAUDIA WILKEN
United States District Judge

INSTRUCTIONS FOR SERVICE

The requirements for properly serving a summons and complaint are set forth in Federal Rule of Civil Procedure 4. First, the summons itself must be signed by the clerk and bear the seal of the court, among other requirements. F.R.C.P. 4(a). Once a proper summons has been issued by the court, the plaintiff must serve that summons on the defendants or ask defendants to waive service. F.R.C.P. 4(c), (d). The plaintiff must file proof of service or a waiver signed by defendant with the court within 120 days of filing the complaint. F.R.C.P. 4(l), (m). Plaintiffs may ask defendants to waive service of process. To do so, a plaintiff must mail or deliver a copy of the complaint to the defendant along with a specified notice requesting that the defendant waive service. F.R.C.P. 4(d)(2). The plaintiff must provide 30 days for the defendant to respond and must include a self-addressed stamped envelope by which the defendant can comply with the request. F.R.C.P. 4(d)(2). If the defendant waives service, he or she has 60 days to respond to the plaintiff's complaint; if the defendant refuses to waive service, he or she must pay the plaintiff's costs of service unless he or she can show good cause for failing to waive service. F.R.C.P. 4(d)(2), (3). If the defendant agrees to waive service, the plaintiff must file a copy of the waiver with the court in lieu of filing a proof of service. F.R.C.P. 4(d)(4). Waiver forms are available at the clerk of the court's office. If the defendant does not waive service, the plaintiff must properly serve the defendant with the summons and complaint, following the requirements of federal or State law. F.R.C.P. 4(e). Under federal law, plaintiffs must arrange for someone who is not a party to the case and who is at least 18 years of age to hand deliver a copy of the documents to the defendant, leave copies of the documents at the individual's home with some person of suitable age and discretion who lives there, or deliver a copy of the documents to an agent authorized by appointment or by law to receive service of process for the defendant. F.R.C.P. 4(e)(2).

(1/98)

2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No.  C-08-2496 CW, <u>Fahy v. George</u>

**AMENDED** ORDER SETTING CASE MANAGEMENT CONFERENCE

The above matter having been assigned to Judge Wilken,

IT IS HEREBY ORDERED, pursuant to Rule 16, Federal Rules of Civil Procedure, and Civil Local Rule 16, that a case management conference will be held before Judge Wilken on Tuesday, October 21, 2008, at 2:00 p.m., in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, California.

Lead trial counsel shall meet and confer not less than thirty (30) days in advance of the conference and shall file a joint case management statement in the form contained in the Civil Local Rules (copy attached) not less than seven (7) days in advance of the conference.

If the conference is inconveniently scheduled, it may be rescheduled by stipulation and order to another date or time convenient to the Court's calendar.

At the conclusion of the conference, an order will be entered setting dates either for a further case management conference, or for close of discovery, pretrial conference, and trial.  Other orders regulating and controlling future proceedings may be entered.

Plaintiff(s) shall serve copies of this Order at once on all parties to this action, and on any parties subsequently joined, in accordance with Fed. R. Civ. P. 4 and 5.  Following service,

3

Plaintiff(s) shall file a certificate of service with the Clerk of this Court.

<u>FAILURE TO COMPLY WITH THIS ORDER</u> may be deemed sufficient grounds for dismissal of this cause, default or other appropriate sanctions.  <u>See</u> Fed. R. Civ. P. 16(f).

See attached for standard procedures.

IT IS SO ORDERED.

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

NOTICE

**Case Management Conferences and Pretrial Conferences** are conducted on **Tuesdays** at 2:00 p.m. **Criminal Law and Motion** calendar is conducted on **Wednesdays** at 2:00 p.m. for defendants in custody and 2:30 p.m. for defendants not in custody. **Civil Law and Motion** calendar is conducted on **Thursdays** at 2:00 p.m. Order of call is determined by the Court. Counsel need not reserve a hearing date for civil motions; however, counsel are advised to check the legal newspapers or the Court's website at www.cand.uscourts.gov for unavailable dates.

Motions for Summary Judgment:  All issues shall be contained within one motion of 25 pages or less, made on 35 days notice. (See Civil L.R. 7-2). Separate statements of undisputed facts in support of or in opposition to motions for summary judgment will not be considered by the Court. (See Civil Local Rule 56-2(a)). The motion and opposition should include a statement of facts supported by citations to the declarations filed with respect to the motion. Evidentiary and procedural objections shall be contained within the motion, opposition or reply; separate motions to strike will not be considered by the Court. Any cross-motion shall be contained within the opposition to any motion for summary judgment, shall contain 25 pages or less, and shall be filed 21 days before the hearing. The reply to a motion may contain up to 15 pages, shall include the opposition to any cross-motion, and shall be filed 14 days before the hearing. (See Civil Local Rule 7-3). The Court may, *sua sponte* or pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so as to give a moving party time to file a reply to any cross-motion.

All discovery motions are referred to a Magistrate Judge to be heard and considered at the convenience of his/her calendar. All such matters shall be noticed by the moving party for hearing on the assigned Magistrate Judge's regular law and motion calendar, or pursuant to that Judge's procedures.

Pursuant to General Order 45,§ VI.G, "In all cases subject to ECF, in addition to filing papers electronically, the parties are required to lodge for chambers **no later than noon on the business day following the day that the papers are filed electronically,** one paper copy of each document that is filed electronically."

(rev. 10/10/07)

5

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

FRANCIS T. FAHY,

        Plaintiff,

  v.

CA SUPREME COURT JUSTICES et al,

        Defendant.

Case Number: CV08-02496 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 13, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Francis Thomas Fahy
259 Oak Street
San Francisco, CA 94102

Dated: August 13, 2008

                      Richard W. Wieking, Clerk
                      By: Sheilah Cahill, Deputy Clerk