MARIE MOFFAT, State Bar No. 62167
LAWRENCE C. YEE, State Bar No. 84208
MARK TORRES-GIL, State Bar No. 91597
**THE STATE BAR OF CALIFORNIA**
**OFFICE OF GENERAL COUNSEL**
180 Howard Street
San Francisco, CA 94105-1639
Telephone: (415) 538-2382
Fax: (415) 538-2321
Email: mark.torresgil@calbar.ca.gov

Counsel for Defendant The State Bar of California
Hon. Judith Epstein, Hon. Madge Watai, Hon. Ronald Stovitz
Hon. Patrice McElroy, Scott Drexel, Lawrence J. DalCerro,
 Donald R. Steedman, Tammy Albertsen-Murray, Erica L. Dennings,
Michael Hummer, Jeffrey Bleich and Sheldon Sloan

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Francis Fahy,<br><br>          Plaintiff,<br><br>v.<br><br>Justices of the Supreme Court of the State of California, et al.,<br><br>          Defendants. | Case No. CV 08-2496-CW<br><br>STATE BAR DEFENDANTS'<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF<br>MOTION TO DISMISS COMPLAINT<br><br>Date: Thurs, October 16, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 2, 4th Floor<br>Judge: Hon. Claudia Wilken |

# TABLE OF CONTENTS

Pages

I.    INTRODUCTION ...................................................................................................1

II.   BACKGROUND ...................................................................................................2

      A.    The State Bar Defendants ...........................................................................2

            1.    The State Bar of California..............................................................2

            2.    Hon. Judith Epstein, Hon. Madge Watai, Hon. Ronald
                  Stovitz, Hon. Patrice McElroy ......................................................2

            3.    Scott Drexel, Lawrence J. DalCerro, Donald R. Steedman,
                  Tammy Albertsen-Murray, Erica L. Dennings,
                  Michael Hummer ............................................................................3

            4.    Jeffrey Bleich, Sheldon Sloan.........................................................3

      B.    Fahy's State Bar Disciplinary Proceeding ..................................................4

III.  ARGUMENT .........................................................................................................6

      A.    Under FRCP Rule 12(b)(1), Fahy's Complaint Should Be Dismissed
            For Lack Of Subject Matter Jurisdiction ....................................................6

            1.    The Eleventh Amendment Bar's Fahy's Suit ...............................6

                  a.    The Eleventh Amendment Bars All Claims Against
                        the State Bar ..........................................................................6

                  b.    The Eleventh Amendment Bars Fahy's Claims Against
                        the Individually Named State Bar Defendants Acting in
                        Their Official Capacities........................................................6

            2.    Plaintiff's Claims Related to His Disciplinary Proceeding Are
                  Jurisdictionally Barred under the Rooker-Feldman Doctrine .....................7

                  a.    Under Rooker-Feldman, Federal Courts Lack
                        Subject-Matter Jurisdiction over Challenges to
                        State Court Orders.................................................................7

      B.    Under FRCP Rule 12(b)(6), Fahy's Complaint Should Be Dismissed
            For Failure To State A Claim Upon Which Relief Can Be Granted .....................8

            1.    Legal Standard for Motion to Dismiss.........................................8

            2.    The State Bar Defendants Are Entitled to Judicial Immunity .................11

            3.    Fahy's Claims Are Barred under Res Judicata and Collateral
                  Estoppel Grounds............................................................................11

                  a.    Fahy Was a Party in the Prior Adjudication .................13

i

State Bar Defs' Memo. Of Points & Authorities In Support Of Motion To Dismiss Compl.          CV 08-2496-CW

1

## <u>TABLE OF CONTENTS</u>

<u>Pages</u>

2

3
   b. The California Supreme Court's Decision Was a Final
Judgment on the Merits.................................................................13

4

5
   c. The Issues in Question Are Identical to those Raised in
the State Proceeding and Were Actually Litigated and
Necessarily Decided in the State Proceeding................................13

6
   d. Fahy Had a Full and Fair Opportunity to Litigate the
Issues in Question in the State Proceeding ...................................14

7

8
  4. Fahy Fails to State a Claim under Section 1983 Against the
State Bar Defendants.............................................................................15

9
   a. The State Bar Defendants Are Not Persons Under
Section 1983.................................................................................15

10

11
   b. Fahy Fails to Establish a Federal Deprivation ............................16

12
  5. Fahy Fails to Assert any State Causes of Action ......................................19

13
   a. State Bar Defendants Enjoy State Immunity from
State Law Claims .........................................................................20

14
   b. Fahy Failed to Comply with California's Government
Tort Claims Act............................................................................20

15

16
   c. Fahy Fails to Adequately Allege any State Claims ......................20

17
  6. Fahy's Request for Equitable Relief Is Improper and Should
Be Denied..............................................................................................21

18
IV. CONCLUSION....................................................................................................22

19

20

21

22

23

24

25

26

27

28

ii

State Bar Defs' Memo. Of Points & Authorities In Support Of Motion To Dismiss Compl.  CV 08-2496-CW

1

## TABLE OF AUTHORITIES

**Pages**

2

### Federal Cases

3

Allen v. McCurry,
         449 U.S. 90 (1980)   .............................................................................................12

4

American Mfrs. Mut. Ins. Co. v. Sullivan,
         526 U.S. 40 (1999)   .............................................................................................15

5

6

Armstrong v. Manzo,
         380 U.S. 545 (1965)   ...........................................................................................16

7

Awabdy v. City of Adelanto,
         368 F.3d 1062 (9th Cir. 2004) ..............................................................................16

8

9

Barry v. Barchi,
         443 U.S. 55, (1979)   ............................................................................................17

10

Bell Atlantic Corp. v. Twombly,
         ___ U.S. ___; 127 S.Ct. 1955, 167 L.Ed.2d 929, 949 (2007)........................10,11,15,16,18

11

12

Bianchi v. Rylaarsdam,
         334 F.3d 895 (9th Cir. 2003) ..................................................................................8

13

Brown v. Legal Foundation of Washington,
         538 U.S. 216 (2003)   .........................................................................................4,19

14

15

Cahill v. Liberty Mutual Ins. Co.,
         80 F.3d 336 (9th Cir. 1996) ...................................................................................10

16

Cardenas v. Lewis,
         66 Fed.Appx. 86 (9th Cir. 2003).............................................................................19

17

18

Chappell v. Robbins,
         73 F.3d 918 (9th Cir. 1996) ...................................................................................10

19

Cholla Ready Mix, Inc. v. Civish,
         382 F.3d 969 (9th Cir. 2004) .................................................................................10

20

21

Clark v. State of Washington,
         366 F.2d 678 (9th Cir. 1966) .................................................................................11

22

C.E. Pope Equity Trust v. United States,
         818 F.2d 696 (9th Cir. 1987) .................................................................................15

23

24

Craig v. State Bar of California,
         141 F.3d 1353 (9th Cir. 1998) .................................................................................9

25

District of Columbia Court of Appeals v. Feldman,
         460 U.S. 462 (1983)   ........................................................................................7,8,9

26

27

Doe v. State Bar of California,
         415 F.Supp. 308 (N.D. Cal. 1976), aff'd 582 F.2d 25 (9th Cir. 1978) ................................9

28

iii

State Bar Defs' Memo. Of Points & Authorities In Support Of Motion To Dismiss Compl.          CV 08-2496-CW

1

## TABLE OF AUTHORITIES

2

### Federal Cases

Edelman v. Jordan,
    415 U.S. 651 (1974) ...............................................................................7

Exxon Mobil Corp. v. Saudi Basic Industries Corp.,
    544 U.S. 280 (2005) ...............................................................................9

Gupta v. Thai Airways Int'l Ltd,
    487 F.3d 759 (9th Cir. 2007) ...............................................................12

Hafer v. Melo,
    502 U.S. 21 (1991) .................................................................................7

Harvey v. Waldron,
    210 F.3d 1008 (9th Cir. 2000) .............................................................11

Haupt v. Dillar,
    17 F.3d 285 (9th Cir. 1994) .................................................................16

Heck v. Humphrey,
    512 U.S. 477 (1994) ............................................................................16

Hirsh v. Justices of Supreme Court of State of Cal.,
    67 F.3d 708 (9th Cir. 1995) ............................................6,11,12,14,15

Kougasian v. TMSL, Inc.,
    359 F.3d 1136 (9th Cir. 2004) ...............................................................8

Kremer v. Chemical Const. Corp.,
    456 U.S. 461 (1982) ............................................................................12

Levanti v. Tippen,
    585 F.Supp. 499 (S.D. Cal. 1984).....................................................11,20

Lupert v. California State Bar,
    761 F.2d 1325 (9th Cir. 1985), cert. denied, 474 U.S. 916 (1985) ........6

MacKay v. Nesbett,
    412 F.2d 846 (9th Cir. 1969) .................................................................9

Matthews v. Eldridge,
    424 U.S. 319, 333 (1976).....................................................................16

Miller v. Rykoff-Sexton, Inc.,
    845 F.2d 209 (9th Cir. 1998) ...............................................................22

Mireles v. Waco,
    502 U.S. 9 (1991) ................................................................................11

Missouri v. Fiske,
    290 U.S. 18 (1933) .................................................................................6

iv

State Bar Defs' Memo. Of Points & Authorities In Support Of Motion To Dismiss Compl.        CV 08-2496-CW

1

## TABLE OF AUTHORITIES

Pages

2

### Federal Cases

3

Monell v. Department of Social Services of City of New York,
436 U.S. 658 (1978) ...........................................................................19

4

Mothershed v. Justices of Supreme Court,
410 F.3d 602 (9th Cir. 2005) ...............................................................9

5

Noel v. Hall,
341 F.3d 1148 (9th Cir. 2003) ...........................................................10

6

7

Nunes v. Ashcroft,
348 F.3d 815 (9th Cir. 2003) .............................................................22

8

Olagues v. Russoniello,
770 F.2d 791 (9th Cir. 1985) .............................................................22

9

10

Parklane Hosiery Co. v. Shore,
439 U.S. 322 (1979) ...........................................................................13

11

Pena v. Gardner,
976 F.2d 469 (9th Cir. 1992) ............................................................6,7

12

13

Pennhurst State School & Hospital v. Halderman,
465 U.S. 89 (1984) ............................................................................6,7

14

Peterson v. Jensen,
371 F.3d 1199 (10th Cir. 2004) .........................................................10

15

16

Public Service Comm'n of Utah v. Wycoff Co., Inc.,
344 U.S. 237 (1952) ...........................................................................22

17

Reusser v. Wachovia Bank, N.A.,
525 F.3d 855 (9th Cir. 2008) ...............................................................8

18

19

Robinson v. Prunty,
249 F.3d 862 (9th Cir. 2001) .............................................................19

20

Rooker v. Fidelity Trust Co.,
263 U.S. 413 (1923) ..........................................................................7,8

21

22

Rosenthal v. Justices of the Supreme Court of California,
910 F.2d 561 (9th Cir. 1990) .....................................................1,12,14

23

Saul v. United States,
928 F.2d 829 (9thCir. 1991) ..............................................................22

24

25

Seaborn v. State of Florida, Dept. of Corr.,
143 F.3d 1405 (11th Cir. 1998) ...........................................................6

26

U.S. v. Jordan,
964 F.2d 944 (9th Cir. 1992) .............................................................17

27

28

v

State Bar Defs' Memo. Of Points & Authorities In Support Of Motion To Dismiss Compl.        CV 08-2496-CW

# TABLE OF AUTHORITIES

**Pages**

## Federal Cases

United States v. Ramirez,
710 F.2d 535 (9th Cir. 1983) ............................................. 15

United States v. Ryan,
548 F.2d 782 (9th Cir. 1976) cert. denied, 430 U.S. 965 (1977) ...................... 15

Western Mining Council v. Watt,
643 F.2d 618 (9th Cir. 1981) ............................................. 10

Will v. Michigan Dept. State Police,
491 U.S. 58 (1989) ............................................. 15-16

## State Cases

In re Attorney Discipline System,
19 Cal.4th 582, 79 Cal.Rptr.2d 836 (1998) .................... 1,19

Bostick v. Flex Equipment Co., Inc.,
147 Cal. App.4th 80 (2007) ............................................. 14

Citizens for Open Access Etc. Tide, Inc. v. Seadrift Assn.,
60 Cal.App.4th 1053 (1998) ............................................. 12,13

City of San Jose v. Superior Ct.,
12 Cal.3d 447 (1974) ............................................. 20

Dilts v. Cantua Elem. Sch. Dist.,
189 Cal.App.3d 27 (1987) ............................................. 20

Edwards v. State Bar,
52 Cal.3d 28 (1990) ............................................. 17

Garcia v. Superior Court,
50 Cal.3d 728 (1990) ............................................. 16

Gardner v. Vie Tanny Compton, Inc.,
182 Cal.App.2d 506 (1960) ............................................. 21

Greene v. Zank,
158 Cal.App.3d 497 (1984) ............................................. 20

Guzzetta v. State Bar,
43 Cal.3d 962 (1987) ............................................. 18

Imen v. Glassford,
201 Cal.App.3d 898 (1988) ............................................. 14

Jaffe v. Stone,
18 Cal.2d 146 (1941) ............................................. 16

Lebbos v. State Bar,
165 Cal.App.3d 656 (1985) ............................................. 19,20

**<u>TABLE OF AUTHORITIES</u>**

<u>Pages</u>

**<u>State Cases</u>**

<u>People v. Carter,</u>
     36 Cal.4[th] 1215 (2005) .................................................................................14

<u>In re Rose,</u>
     22 Cal.4th 430, 93 Cal.Rptr.2d 298 (2000).........................................1,2,13,19

<u>Rosenthal v. Vogt,</u>
     229 Cal.App.3d 69 (1991) ............................................................................20

<u>Sacramento Municipal Utility District v. County of Solano,</u>
     54 Cal.App.4[th] 1163 (1997) .......................................................................21

<u>Smith v. Exxon Mobil Oil Corporation,</u>
     153 Cal.App.4[th] 1407 (2007) .....................................................................12

<u>Trinkle v. California State Lottery,</u>
     71 Cal.App.4[th] 1198 (1999) .......................................................................21

**<u>Constitutions</u>**

California Constitution
     Article VI, Section 9  ....................................................................................1

**<u>Rules</u>**

California Rules of Court
     Rule 9.10....................................................................................................1
     Rule 9.12....................................................................................................2

California Rules of Professional Conduct
     Rule 4-100(A) ...........................................................................................17

Federal Rules of Civil Procedure
     Rule 12(b)(1)  .............................................................................................6
     Rule 12(b)(6)  ...........................................................................................17
     Rule 23(a)....................................................................................................3

Rules of Procedure of the State Bar of California
     Rule 213...................................................................................................17
     Rule 300.....................................................................................................3
    Title IV: Standards for Attorney Sanctions for Professional Misconduct
     Standard 1.2(b)(v).....................................................................................18

**<u>Statutes</u>**

California Business and Professions Code
     Section 6001  ..............................................................................................1
     Section 6086.5............................................................................................1
     Section 17200 ...........................................................................................21

**vii**

State Bar Defs' Memo. Of Points & Authorities In Support Of Motion To Dismiss Compl.    CV 08-2496-CW

1

## <u>TABLE OF AUTHORITIES</u>

**Pages**

2

### <u>Statutes</u>

3

California Civil Code
     Section 51..............................................................................................................20

4

California Government Code
     Section 818.4 ......................................................................................................20
     Section 821.2 ......................................................................................................20

5

6

United States Code
     Title 18, Section 241 ........................................................................................18
     Title 28, Section 1257......................................................................................7
     Title 28, Section 1291......................................................................................7
     Title 28, Section 1331......................................................................................7
     Title 42, Section 1983...................................................................................15,16
     Title 42, Section 1985......................................................................................18

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## I. <u>INTRODUCTION</u>

2    No one enjoys being disciplined by the State Bar, in particular Plaintiff Fahy. His animus

3    towards California's attorney disciplinary system and its State Bar Court, judges and prosecutors

4    and others is plainly evident in his complaint. What is not plainly evident, however, is the factual

5    basis for his federal lawsuit, which presents a grab bag of highly conjectural and conclusory

6    allegations aimed at undermining the state's disciplinary proceeding against him.

7    Fahy is a member of the California bar who was disciplined for misappropriation, among

8    other serious ethical misdeeds, by California's Supreme Court upon the recommendation of the

9    State Bar Court. After the State Bar Court recommended discipline, Fahy petitioned for review to

10    California's Supreme Court, which denied his petition. Thereafter, Fahy petitioned for writ of

11    certiorari to the United States Supreme Court, which also denied his petition. Finding no

12    satisfaction in either of these courts, Fahy brought this federal civil rights action hoping that this

13    Court will do what the state's highest court and the nation's highest court refused to do, declare

14    him free of the findings of misconduct and release him from his disciplinary sanctions. However,

15    none of Fahy's claims are properly before this Court.

16    First, Fahy's entire case is barred by Eleventh Amendment Immunity *and* by the <u>Rooker-</u>

17    <u>Feldman</u> doctrine, which prevents this Court from exercising subject matter jurisdiction over

18    suits that are de facto appeals of state court judgments.

19    Second, Fahy's federal claims are barred by judicial immunity and claim and issue

20    preclusion, and are substantively meritless in any case. His state claims fare no better: they are

21    barred by Fahy's failure to comply with the California Government Tort Claims Act, by judicial

22    and licensing immunity under California law, and because the alleged facts simply do not state

23    claims for violation of California's Unruh Act and the Unfair Competition Act.

24    Third, and finally, Fahy's requested equitable relief asks this Court to interfere with the

25    California Supreme Court's control over attorney discipline by declaring the entire disciplinary

26    system unconstitutional and all decisions of the State Bar Court void and invalid, among other

27    things. Such declaratory and injunctive relief would obviously be inappropriate.

28    Accordingly, this case should be dismissed in its entirety with prejudice.

## II.  BACKGROUND

A.      The State Bar Defendants

This motion is brought by The State Bar of California, Hon. Judith Epstein, Hon. Madge Watai, Hon. Ronald Stovitz, Hon. Patrice McElroy, Scott Drexel, Lawrence J. DalCerro, Donald R. Steedman, Tammy Albertsen-Murray, Erica L. Dennings, Michael Hummer, Jeffrey Bleich and Sheldon Sloan  (collectively the "State Bar Defendants").[1] The identity of each, and their roles in this matter, is discussed below.

1.      The State Bar of California

The State Bar of California is a constitutional entity, established by Article VI, section 9 of the California Constitution, and expressly acknowledged as an integral part of the judicial function.  See Cal. Const., art. VI, § 9; Cal. Bus. & Prof. Code, § 6001; In re Rose, 22 Cal.4th 430, 438, 93 Cal.Rptr.2d 298 (2000).  It is a public corporation created as an administrative arm of the California Supreme Court for the purpose of assisting in matters of admission and discipline of attorneys.  See In re Attorney Discipline System, 19 Cal.4th 582, 598-99, 79 Cal.Rptr.2d 836 (1998); see also Rosenthal v. Justices of the Supreme Court of California, 910 F.2d 561, 566 (9th Cir. 1990).  Although the State Bar conducts its disciplinary proceedings under statutory authority, it is well established that the California Supreme Court retains inherent power to control all matters related to attorney discipline. In re Attorney Discipline System, 19 Cal.4th at 600.

2.      Hon. Judith Epstein, Hon. Madge Watai, Hon. Ronald Stovitz, Hon. Patrice McElroy

Defendants Epstein, Watai, Stovitz and McElroy are judges of the State Bar Court. The State Bar Court is the adjudicative arm of the State Bar in disciplinary matters. Cal. Bus. & Prof. Code § 6086.5; Cal. Rules of Ct. rule 9.10; In re Rose 22 Cal. 4th at 439. The State Bar Court

---

[1] The defendant identified as "Thomas Hummer" is presumed to be State Bar ex-employee "Michael Hummer". Erica "Demmings" is properly spelled "Dennings". Defendants Sheldon Sloan, Jeffrey Bleich, Hon. Madge Watai and Michael Hummer, who have not been properly served with summons and complaint, hereby waive service of process.

1  includes a Hearing Department, which conducts formal trial proceedings, and a Review

2  Department, which functions as an appellate body in independently reviewing determinations of

3  the Hearing Department on a *de novo* basis. Cal. Rules of Ct. rule 9.12; Rules Proc. of the State

4  Bar rule 300 et seq. State Bar Court disciplinary decisions are only recommendations to the

5  California Supreme Court, which undertakes an independent determination as to whether the

6  attorney should be disciplined as recommended. In re Rose, 22 Cal.4th 430, 439. Judge McElroy,

7  a Hearing Department Judge, presided over Fahy's disciplinary proceeding. Judges Epstein,

8  Watai and Stovitz are Review Department Judges who reviewed Judge McElroy's decision in the

9  Fahy matter.

10         3.       Scott Drexel, Lawrence J. DalCerro, Donald R. Steedman, Tammy Albertsen-
                    Murray, Erica L. Dennings, Michael Hummer

11

12         Drexel, DalCerro, Steedman, Albertsen-Murray, Dennings, and Hummer are (or in the

13  case of Hummer "were") employees of the State Bar's Office of the Chief Trial Counsel. The

14  Office of the Chief Trial Counsel has primary responsibility for carrying out the prosecutorial

15  functions of the State Bar. Drexel is the State Bar's Chief Trial Counsel. The Office of the Chief

16  Trial Counsel is divided into separate departments and includes the Office of Enforcement that

17  investigates and prosecutes State Bar disciplinary matters. DalCerro (Assistant Chief Trial

18  Counsel), Steedman (Senior Attorney), Albertsen-Murray (Attorney) and Dennings (Attorney)

19  are prosecutors in the Office of Enforcement while Hummer was an Investigator in that office.

20  Albertsen-Murray prosecuted the disciplinary charges against Fahy at the trial level while

21  Steedman represented the Office of Enforcement at the Review Department stage of these

22  proceedings. Fahy alleges that Dennings sent him a letter notifying him that he would face

23  disciplinary charges (Complaint, 12:15-19) and that Dennings and Hummer were present during

24  discussions about a stipulation concerning his disciplinary matter. Complaint, 12:23-25. Fahy

25  makes no specific factual allegations against Drexel or DalCerro.

26         4.       Jeffrey Bleich, Sheldon Sloan

27         Bleich is the current President of the State Bar's Board of Governors. Sheldon Sloan is

28  the immediate past President of the State Bar's Board of Governors. Fahy makes no specific

**3**

1   factual allegations against these two gentlemen.

2   B.      Fahy's State Bar Disciplinary Proceeding

3           Fahy was admitted to the practice of law in California on July 31, 1990. RJN, Ex. B, p. 1.

4   On December 16, 2003, the State Bar's Office of Enforcement filed disciplinary charges against

5   Fahy alleging that he failed to notify a client of his receipt of insurance proceeds, failed to

6   maintain client funds in trust, committed an act involving moral turpitude by misappropriating

7   his client's funds, and failed to promptly pay client funds. RJN, Ex. B, p. 4. Fahy alleges that

8   prior to the filing of these charges defendants Dennings and Hummer offered him a private

9   reproval with an admission of moral turpitude. Complaint, 12:15-13:3. After a three-day trial,

10  Judge McElroy found Fahy culpable on all four charged counts in a Decision filed April 20,

11  2005. RJN, Ex. A. Judge McElroy recommended that Fahy be actually suspended for 18 months,

12  among other conditions. RJN, Ex. A, 13:21-14:6. Fahy appealed the Hearing Department

13  Decision to the Review Department which issued its Opinion on Review on February 23, 2007.

14  RJN, Ex. B. The Review Department adopted the Hearing Department's factual findings but

15  recommended that the Fahy's actual suspension be increased from 18 months to two years. RJN

16  Ex. B, p. 1.[2]

17          On May 2, 2007, Fahy filed a petition for review in the Supreme Court of California.

18  RJN, Ex. C. Fahy raised various issues including: (1) whether the State Bar's presumption that

19  an attorney misappropriated funds when his trust account falls below the required amount is

20  contrary to Brown v. Legal Foundation of Washington, 538 U.S. 216 (2003) (holding that state's

22  [2] The Review Department pointedly noted in its Opinion that throughout the disciplinary
23  proceedings Fahy "made a series of false and demeaning remarks about the State Bar, its
    prosecutor in this case, the State Bar Court, and the hearing judge … [including] … repeated
    descriptions of the State Bar and its prosecutors as 'frauds', 'liars and thugs', 'hillbilly scum',
24  'criminals', … and … referred to the Hearing Department as a 'kangaroo court' that not only
    'tolerates corruption and perjury' but also employs 'jack-booted thugs' who use 'nazi tactics'."
25  He accused Judge McElroy of being "willfully corrupt" and a "prolific liar" who suffers from
    "perversion and vile racism". Judge McElroy also noted that "[s]imply because the hearing
26  judge, State Bar prosecutor, and complaining witness are African-American, respondent
    expected the hearing judge to remove herself from the case due to bias." And this is only a
27  partial description of Fahy's offensive behavior during the disciplinary trial. RJN, Ex. B, p. 4 n.
28  9.

**4**

State Bar Defs' Memo. Of Points & Authorities In Support Of Motion To Dismiss Compl.          CV 08-2496-CW

use of interest in IOLTA accounts to pay for legal services qualified as a "public use" and was not a regulatory taking.) and (2) whether his client had standing to assert a claim of misappropriation in his case. Fahy further complained that: He did not receive a fair hearing, the State Bar Court lacked jurisdiction, the State Bar Court's credibility findings were in error, the Decision was not supported by the weight of the evidence, and the recommended discipline was not appropriate, among other issues. Fahy further asked that the Court provide guidance concerning when an attorney should remove client funds from trust accounts and how to comply with Brown. RJN, Ex. C, pp. 8-10.

On June 20, 2007, the Supreme Court of California denied Fahy's petition for review and adopted the disciplinary recommendation of the State Bar Court.  RJN, Ex. D.

On July 14, 2007, Fahy filed a petition for writ of certiorari in the United States Supreme Court. Fahy identified four issues on appeal:

> "1.  In light of the holding of this Court in Brown v. Legal Foundation of Washington, 123 S.Ct. 1406, 538 U.S. 216, 155 L.Ed. 376 (U.S. 03/26/2003) may the respondents impose a presumption of clear and convincing evidence that an attorney willfully misappropriated trust funds because he held them in a non IOLTA's [footnote omitted] trust, and require the attorney to show by clear and convincing evidence that he or she did not misappropriate the funds held in trust?
>
> 2.  May the respondents discipline an attorney member who, for religious reasons, refuses to 'atone' following a finding of misconduct?
>
> 3.  May the respondents discipline the petitioner for his criticism of the administration of the attorney discipline system in California?
>
> 4.  May the respondents summarily discipline the petitioner for uncharged legal speech?"

RJN, Ex. E, p. 2; Ex. F.

The United States Supreme Court denied Fahy's petition on October 9, 2007. RJN, Ex. G.

State Bar Defs' Memo. Of Points & Authorities In Support Of Motion To Dismiss Compl.          CV 08-2496-CW

1

III.  ARGUMENT

2

A.    Under FRCP Rule 12(b)(1), Fahy's Complaint Should Be Dismissed For Lack Of Subject
Matter Jurisdiction

3

1.    The Eleventh Amendment Bar's Fahy's Suit

4

a.    The Eleventh Amendment Bars All Claims Against the State Bar

5

6

Fahy's claims against the State Bar are absolutely barred by the Eleventh Amendment. It

7

is well-settled that, in the absence of consent, a suit in federal court against a state or one of its

8

agencies or departments is proscribed by the Eleventh Amendment. Pennhurst State School &

9

Hospital v. Halderman, 465 U.S. 89, 100 (1984). The State Bar of California is an 'arm of the

10

State' for the purposes of Eleventh Amendment immunity. Hirsh v. Justices of Supreme Court of

11

State of Cal., 67 F.3d 708, 715 (9th Cir. 1995) ("The Eleventh Amendment's grant of sovereign

12

immunity bars monetary relief from state agencies such as California's Bar Association and Bar

13

Court."); see also Lupert v. California State Bar, 761 F.2d 1325, 1327 (9th Cir. 1985), cert.

14

denied, 474 U.S. 916 (1985).

15

This jurisdictional bar applies regardless of the nature of the relief sought. Pennhurst, 465

16

U.S. at 100-01; see also Missouri v. Fiske, 290 U.S. 18, 27 (1933) ("Expressly applying to suits

17

in equity as well as at law, the [Eleventh] Amendment necessarily embraces demands for the

18

enforcement of equitable rights and the prosecution of equitable remedies when these are

19

asserted and prosecuted by an individual against a State"). And it applies to pendent or

20

supplemental state law claims as well. Pennhurst, 465 U.S. at 120-121 (pendent jurisdiction does

21

not permit evasion of the immunity guaranteed by the Eleventh Amendment).

22

Accordingly, the Eleventh Amendment bars all claims against the State Bars and all

23

claims must be dismissed against it for lack of jurisdiction. Pena v. Gardner, 976 F.2d 469, 472

24

(9th Cir. 1992) (defense of Eleventh Amendment is a jurisdictional bar); Seaborn v. State of

25

Florida, Dept. of Corr., 143 F.3d 1405, 1407 (11th Cir. 1998).

26

b.    The Eleventh Amendment Bars Fahy's Claims Against the
Individually Named State Bar Defendants Acting in Their Official
Capacities

27

28

The Eleventh Amendment also bars the federal claims for damages against the named

**6**

State Bar officials. The grant of sovereign immunity bars a federal action for damages, or other retroactive relief, against a state official acting in his or her official capacity. Edelman v. Jordan, 415 U.S. 651, 663 (1974); Hafer v. Melo, 502 U.S. 21, 24-25 (1991) (holding that a defendant official acting in his official capacity receives the same immunity as the government agency to which he belongs); Pena v. Gardner, 976 F.2d at 472. The only relevant exception to this rule is that the Eleventh Amendment does not bar a request for prospective injunctive relief against a state official in his or her official capacity in order to end a continuing violation of federal law. Pena, 976 F.2d at 472 n.5; Edelman, 415 U.S. at 664. Thus, under the Eleventh Amendment, Fahy's claims for monetary damages and retroactive relief against all the individually named State Bar defendants in their official capacities must be dismissed. The same is true for any state claims, except that the Eleventh Amendment bars *all relief* under state law theories including prospective injunctive relief. Pennhurst, 465 U.S. at 106.

    2.    <u>Plaintiff's Claims Related to His Disciplinary Proceeding Are Jurisdictionally Barred under the Rooker-Feldman Doctrine</u>

        a.    <u>Under Rooker-Feldman, Federal Courts Lack Subject-Matter Jurisdiction Over Challenges to State Court Orders</u>

In addition to the bar of the Eleventh Amendment, Fahy's action is also subject to dismissal because the Court lacks subject matter jurisdiction on the basis of the Rooker-Feldman doctrine. Notwithstanding his purported federal claims, one thing is very clear: this lawsuit is nothing more than a poorly disguised attack on the decision of the California Supreme Court to sanction him for serious ethical misconduct.

In establishing a system of Article III courts, Congress vested the authority to review decisions of the state courts with the United States Supreme Court, not with the lower federal courts. 28 U.S.C. §§ 1257, 1291, 1331. This jurisdictional limitation on the federal court's power is known as the Rooker-Feldman doctrine, named after Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The Rooker-Feldman doctrine bars federal courts "from exercising subject matter jurisdiction over a

suit that is a de facto appeal from a state court judgment." <u>Kougasian v. TMSL, Inc.</u>, 359 F.3d
1136, 1139 (9th Cir. 2004) <u>Rooker</u>, 263 U.S. at 417. A federal action constitutes a de facto appeal
where "claims raised in the federal court action are 'inextricably interwined' with the state
court's decision such that the adjudication of the federal claims would undercut the state ruling
or require the district court to interpret the application of state laws or procedural rules." <u>Bianchi
v. Rylaarsdam</u>, 334 F.3d 895, 898 (9th Cir. 2003). In such circumstances, "the district court is in
essence being called upon to review the state court decision." <u>Feldman</u>, 460 U.S. at 483 n. 16;
<u>see</u> <u>also</u> <u>Reusser v. Wachovia Bank, N.A.</u>, 525 F.3d 855, 859-860 (9th Cir. 2008).

      Here, Fahy is plainly challenging his treatment during his disciplinary proceedings and is
seeking to relitigate the merits of this state proceeding in a prohibited federal collateral attack.
His complaint sets forth a detailed version of his disciplinary case and, in broad conclusory
language describes all the alleged wrongs committed against him in the course of his disciplinary
proceedings. <u>See</u> Complaint, 21:13-25 (alleging that the State Bar Defendants "acted to
intentionally falsely charge and prosecute [him]", "acted to intentionally fabricate and contrive
the charges", and so on). Among other things, he asks this Court to declare; (1) that the State Bar
maintains an unconstitutional presumption of culpability when prosecuting client trust account
fund violations and that <u>"petitioner [Fahy] cannot be found culpable of any wrongdoing of any
kind on such a premise</u>." (Emphasis added.) (Complaint, 4:11-13); (2) that the State Bar must
conduct its disciplinary actions constitutionally (Complaint, 5:15-16);  (3) that the alleged
requirement that Fahy must "atone" is unconstitutional; (4) that the State Bar Court's
"recommendations and decisions are and always have been invalid and void as a matter of law
and incapable of review even if review was validly conducted, which it is not." (Complaint,
7:23-8:2); and, (5) that the State Bar Court is unconstitutional (Complaint, 8:13-14). Fahy goes
on to state that he "has suffered distinct and palpable injuries traceable to the challenged scheme
and provisions … that would likely be redressed by a favorable decision for the plaintiff
petitioner …" Complaint, 9:6-10. Clearly, Fahy's complaint is firmly rooted in the California
Supreme Court's decision to discipline him.

      Although the <u>Rooker-Feldman</u> doctrine does not prohibit a district court from considering

**8**

1   a general constitutional challenge to a State Bar rule of general applicability (Feldman, 460 U.S.

2   at 483), a district court has no jurisdiction over challenges to state court decisions in particular

3   cases arising out of judicial proceedings even if those challenges allege that the state court's

4   action was unconstitutional. Feldman, 460 U.S. at 485-486. Fahy is not challenging a rule or

5   policy of general applicability. Indeed, Fahy's case is exactly the type of particularized challenge

6   that Feldman held could not be brought in federal district court. Feldman, 460 U.S. at 482-83;

7   see also Mothershed v. Justices of Supreme Court, 410 F.3d 602 (9th Cir. 2005), 410 F.3d at

8   607; Rosenthal, 910 F.2d at 566.

9        It is firmly established that issues concerning attorney admission and discipline fall

10  squarely within the Rooker-Feldman doctrine. See MacKay v. Nesbett, 412 F.2d 846 (9th Cir.

11  1969) ("orders of a state court relating to admission, discipline, and disbarment of members of its

12  bar may be reviewed only by the Supreme Court of the United States on certiorari to state court,

13  and not by means of an original action in a lower federal court."); Craig v. State Bar of

14  California, 141 F.3d 1353 (9th Cir. 1998) ("Orders of a state court relating to the admission of an

15  individual to the state bar may be reviewed only by the United States Supreme Court on writ of

16  certiorari to the state court, and not by means of any original action in a lower federal court.").[3]

17  Feldman itself dealt with an attorney regulatory matter.

18       The core principles of Rooker-Feldman were recently re-affirmed by both the Ninth

19  Circuit in Mothershed v. Justices of Supreme Court, see infra (holding that disciplined attorney's

20  allegation that the Oklahoma disciplinary authority failed to apply a certain ethics rule during his

21  own state bar disciplinary hearing constituted an "as applied" challenge to a state-court decision

22  in a particular case; therefore, under the Rooker-Feldman doctrine, the district court lacked

23  subject matter jurisdiction to review plaintiff's disciplinary proceedings) and the United States

24  Supreme Court in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005)

---

26  [3] See also Doe v. State Bar of California, 415 F.Supp. 308, 311-312 (N.D. Cal. 1976) ("Because
    federal courts do not have jurisdiction to interfere with disciplinary proceedings of the State Bar
27  of California, this case will be dismissed and judgment entered in favor of defendants"), aff'd
    582 F.2d 25, 26 (9th Cir. 1978) ("the trial judge correctly concluded that the federal courts do not
28  have jurisdiction to interfere with disciplinary proceedings of the State Bar of California…").

**9**

State Bar Defs' Memo. Of Points & Authorities In Support Of Motion To Dismiss Compl.          CV 08-2496-CW

1  (reaffirming the doctrine of <u>Rooker-Feldman</u> and reiterating the continuing viability of the

2  <u>Rooker-Feldman</u> doctrine in Bar-related cases, stating that <u>Rooker-Feldman</u> applies to "cases of

3  the kind from which the doctrine acquired its name:  cases brought by state-court losers

4  complaining of injuries caused by state-court judgments rendered before the district court

5  proceedings commenced and inviting district court review and rejection of those judgments." <u>Id.</u>

6  at 284 (emphasis added).

7  These clear legal principles bar Fahy's claims, each of which is *inextricably intertwined*

8  with his State Bar disciplinary proceedings and the correctness of this underlying decision to

9  suspend him. <u>See</u> <u>Noel v. Hall</u>, 341 F.3d 1148, 1157 (9th Cir. 2003). *All* of Fahy's claims arise

10  from purported irregularities in *his* disciplinary proceeding. None of the acts about which Fahy

11  complains caused him any damage *independent* of his suspension from practice – if he had not

12  been sanctioned, he would have no claim at all.

13  Given the jurisdictional defects in Fahy's claims, the Court need not address the merits of

14  those claims. If the merits are examined, however, that examination also provides numerous

15  bases for dismissal.

16  B.    <u>Under FRCP Rule 12(b)(6), Fahy's Complaint Should Be Dismissed For Failure To State</u>
          <u>A Claim Upon Which Relief Can Be Granted</u>

17

18         1.    <u>Legal Standard for Motion to Dismiss</u>

19  A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint's claims.

20  <u>Cahill v. Liberty Mutual Ins. Co.</u>, 80 F.3d 336, 337 (9th Cir. 1996): <u>Bell Atlantic Corp. v.</u>

21  <u>Twombly,</u> ___ U.S. ___; 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929, 949 (2007). Statutory or

22  common law immunity can also be the basis for dismissal. <u>Peterson v. Jensen</u>, 371 F.3d 1199,

23  1201-02 (10th Cir. 2004); <u>Chappell v. Robbins</u>, 73 F.3d 918, 920 (9th Cir. 1996). While the

24  Court must assume all factual allegations to be true, it need not accept legal conclusions as true

25  "merely because they are cast in the form of factual allegations." <u>Western Mining Council v.</u>

26  <u>Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981). The Court is also not required to accept as true

27  allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

28  inferences (<u>Cholla Ready Mix, Inc. v. Civish,</u> 382 F.3d 969, 973 (9th Cir. 2004)) and that are not

**10**

1  plausible on their face. <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___, 127 S.Ct. at 1974.

2      Here, Fahy's complaint is replete with unsupported allegations, speculation, inconsistent

3  statements, and legal conclusions and a notable absence of actionable factual allegations against

4  any of the State Bar Defendants. On this basis alone, all his causes of action fail.

5      2.    <u>The State Bar Defendants Are Entitled to Judicial Immunity</u>

6      Fahy's causes of action against State Bar Defendants are barred by judicial immunity.

7  The federal common law doctrine of judicial immunity precludes money damages suits against

8  state bar associations and their officers, agents and employees when such actions are based on

9  alleged wrongdoing in the course of administering attorney disciplinary and admission functions.

10  <u>Hirsh</u>, 67 F.3d at 714-15 ("State Bar Court judges and prosecutors have quasi-judicial immunity

11  from monetary damages"); <u>Levanti v. Tippen</u>, 585 F.Supp. 499, 504 (S.D. Cal. 1984) (as the

12  administrative arm of the California Supreme Court, the State Bar, and its sub-entities, are

13  protected from liability for their official actions by the same cloak of absolute judicial immunity

14  as worn by that tribunal. Since the State Bar functions as an arm of the California Supreme

15  Court, it is also "...protected by the same cloak of absolute immunity worn by that tribunal");

16  <u>Clark v. State of Washington</u>, 366 F.2d 678, 681 (9th Cir. 1966) ("A prosecuting attorney, as a

17  quasi-judicial officer, enjoys immunity from suit under the Civil Rights Act, insofar as his

18  prosecuting functions are concerned.... As an arm of the Washington Supreme Court in

19  connection with disciplinary proceedings, the Bar Association is an "integral part of the judicial

20  process" and is therefore entitled to the same immunity which is afforded to prosecuting

21  attorneys in that state").

22      Judicial immunity is absolute; it cannot be overcome by allegations of bad faith or malice

23  or by alleging that an act was unconstitutional. <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991); <u>Harvey</u>

24  <u>v. Waldron</u>, 210 F.3d 1008, 1012 (9th Cir. 2000). Moreover, judicial immunity applies not only

25  to suits for money damages, but also to suits in equity.

26      3.    <u>Fahy's Claims Are Barred by Res Judicata and Collateral Estoppel</u>

27      Fahy's claims are also clearly barred by res judicata and collateral estoppel as they are

28  identical to issues already presented and litigated in his attorney disciplinary proceeding. Fahy is

1  estopped from relitigating the same issues that he raised or could have raised in the State Bar

2  Court and raised again in his petition to the California Supreme Court and the U.S. Supreme

3  Court. Moreover, there is no basis for his contention that he was not accorded a full and fair

4  opportunity to be heard in a state proceeding that the Ninth Circuit has expressly determined

5  conforms to the full rigors of due process. Hirsh, 67 F.3d at 713 (although the State Bar Court

6  cannot consider federal constitutional claims, "such claims can be raised in judicial review of

7  the Bar Court's decision.); Rosenthal, 910 F.2d at 565 ("The State of California provides

8  attorneys subject to discipline with more than constitutionally sufficient procedural due

9  process.").

10       "Whether a prior state court judgment precludes relitigation of an identical claim in

11  federal court depends on the preclusion rules of the state." Gupta v. Thai Airways Int'l Ltd., 487

12  F.3d 759, 765 (9th Cir. 2007); Allen v. McCurry, 449 U.S. 90, 95 (1980) ("Congress has

13  specifically required all federal courts to give preclusive effect to state-court judgments

14  whenever the courts of the State from which the judgments emerged would do so."). In

15  California, collateral estoppel and res judicata apply when "(1) the party against whom the plea

16  is raised was a party or was in privity with a party to the prior adjudication, (2) there was a final

17  judgment on the merits in the prior action and (3) the issue [or claim] necessarily decided in the

18  prior adjudication is identical to the one that is sought to be remedied." Smith v. Exxon Mobil

19  Oil Corporation, 153 Cal.App.4th 1407, 1414 (2007). Thus, "[t]he doctrine of res judicata [and

20  collateral estoppel] rests upon the ground that the party to be affected, or some other with whom

21  he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action

22  in a court of competent jurisdiction, and should not be permitted to litigate it again to the

23  harassment and vexation of his opponent." Citizens for Open Access Etc. Tide, Inc. v. Seadrift

24  Assn., 60 Cal.App.4th 1053, 1065 (1998). The doctrine does not apply when the party against

25  whom the earlier decision is asserted did not have a "full and fair opportunity" to litigate the

26  claim or issue. Kremer v. Chemical Const. Corp., 456 U.S. 461, 481 (1982), citing Allen v.

27  McCurry, 449 U.S. at 95. Like res judicata, collateral estoppel "has the dual purpose of

28  protecting litigants from the burden of relitigating an identical issue with the same party or his

**12**

State Bar Defs' Memo. Of Points & Authorities In Support Of Motion To Dismiss Compl.          CV 08-2496-CW

1  privy and of promoting judicial economy by preventing needless litigation. Parklane Hosiery Co.

2  v. Shore, 439 U.S. 322, 326 (1979).

3              a.      Fahy Was a Party in the Prior Adjudication

4          There is no question here that Fahy, the party against whom preclusion is sought, was a

5  party in the prior state proceeding.

6              b.      The California Supreme Court's Decision Was a Final Judgment on the
                       Merits
7

8          Without question, the California Supreme Court's summary denial of Fahy's petition for

9  review constituted a final decision on the merits. See In re Rose, 22 Cal.4[th] at 448 ("our denial of

10 a petition for review of a State Bar Court disciplinary decision is a final judicial determination on

11 the merits for purposes of establishing federal jurisdiction and res judicata.").

12             c.      The Issues in Question Are Identical to those Raised in the State
                       Proceeding and Were Actually Litigated and Necessarily Decided in the
13                     State Proceeding

14

15         Fahy's federal action and causes of action are virtually identical to those he raised in his

16 petition for review to the California Supreme Court (RJN, Ex. C) and in his petition for writ of

17 certiorari to the U.S. Supreme Court. RJN, Ex. E. For example, Fahy's claim that culpability for

18 trust account violations is based on an unconstitutional presumption was explicitly raised in his

19 petition for review to the California Supreme Court and in his petition for writ of certiorari to the

20 U.S. Supreme Court. Indeed, Fahy says so himself: "The petitioner complained to, and sought

21 review from the respondents, that this premise is illegal; it is contrary to the holding of the

22 United States Supreme Court in Brown v. Legal Foundation of Washington [citation omitted]

23 …" Complaint, 3:17-23. The same is true of his assertion of due process violations and his other

24 claims. To the extent he asserts different legal theories in this federal action, these claims are also

25 barred as they clearly arise from the same state cause of action between the same parties and he

26 had the opportunity to litigate all of these claims in the state action. Citizens for Open Access

27 Etc. Tide, Inc. v. Seadrift Assn., 60 Cal.App.4[th] at 1065.

28         The subject issues were raised, submitted for determination and necessarily decided by

**13**

1    the California Supreme Court. See People v. Carter, 36 Cal.4th 1215, 1240 (2005) ("An issue is

2    actually litigated [w]hen [it] is properly raised, by the pleadings or otherwise, and is submitted

3    for determination, and is determined…") (internal quotation marks omitted); Bostick v. Flex

4    Equipment Co., Inc., 147 Cal.App.4th 80, 96 (2007) ("The necessarily decided requirement

5    means only that the resolution of the issue cannot have been entirely unnecessary to the

6    judgment in the initial proceedings.") (internal quotations omitted).

7                    d.    Fahy Had a Full and Fair Opportunity to Litigate the Issues in Question in
                          the State Proceeding

8

9            Fahy's conclusory assertions that he was denied due process in the state disciplinary

10    proceeding is plainly specious and does not obviate the barring effect of preclusion to this case.

11    California attorney disciplinary proceedings fully comport with the due process requirements of

12    the Fourteenth Amendment. See Hirsh, 67 F.3d at 712-713. In Rosenthal v. Justices of the

13    Supreme Court, 910 F.2d 561, this Court held that:

14            "The lawyer subject to discipline is entitled to procedural due process, including
              notice and an opportunity to be heard. California provides this and other
15            protections. It allows the lawyer to call witnesses and cross-examine them. At the
              hearing the burden is on the state to establish culpability 'by convincing proof and
16            to a reasonable certainty'; 'all reasonable doubts must be resolved in favor of the
              accused.' The California Supreme Court, in deciding whether to accept the bar's
17            recommendation, grants the bar's findings 'great weight' but is not bound by
              them. It must 'independently examine the record, reweigh the evidence and pass
18            on the sufficiency.'… The State Bar of California provides attorneys subject to
              discipline with more than constitutionally sufficient due process." (Citations
19            omitted.)

20    Id. at 564-565.

21            Here, it is abundantly clear that Fahy was accorded more than sufficient due process in

22    his state disciplinary proceeding all the way to the U.S. Supreme Court. See Imen v. Glassford,

23    201 Cal.App.3d 898, 906 (1988) (decision reached in administrative proceeding can serve as

24    basis for collateral estoppel in a later trial if the administrative agency acted in a judicial capacity

25    and the affected party had an opportunity to litigate.). Fahy's meritless arguments of due process

26    violations do not undermine this conclusion.

27            First, all of Fahy's conclusory allegations of sham proceedings, fabricated testimony and

28    so on are unsupported by even a suggestion of necessary supporting facts and, thereby, fail to

1   meet the minimal federal pleading requirements. See Bell Atlantic Corp., 127 S.Ct. at 1964-65

2   (noting that allegations of complaint must satisfy "plaintiff's obligation to provide the 'grounds'

3   of his 'entitle[ment] to relief,'" and must include "[f]actual allegations" sufficient to "raise a

4   right to relief above the speculative level.") [4] Second, none of Fahy's procedural due process

5   claims - e.g. that he was denied the right to look at some undescribed files (Complaint, 5:1 &

6   13:29-23), ordered to take a anger management course as a condition of probation (Complaint,

7   14:13-18), required to "atone" for his misconduct (Complaint, 6:24-7:9), that the State Bar Court

8   failed to consider various motions and made incorrect findings (Complaint, 14:1-9), rise to the

9   required level of "outrageous' violations of due process sufficient to undermine Fahy's state

10  prosecution for ethical misconduct. See United States v. Ramirez, 710 F.2d 535, 539 (9th Cir.

11  1983) ("Prosecution is barred [for violation of due process] 'only when the government's

12  conduct is so grossly shocking and so outrageous as to violate the universal sense of justice.'")

13  (quoting United States v. Ryan, 548 F.2d 782, 789 (9th Cir. 1976) cert. denied, 430 U.S. 965

14  (1977). Finally, Fahy's allegations of bias must overcome the presumption of honesty and

15  integrity in those serving as adjudicators. Hirsh, 67 F.3d at 713. Fahy fails to overcome this

16  presumption.

17          4.      Fahy Fails to State a Claim under Section 1983 Against the State Bar Defendants

18          Fahy alleges that the State Bar defendants violated section 42 U.S.C. section 1983.

19  However, in order to establish a claim for relief under section 1983, a plaintiff must establish:

20  (1) a deprivation of federal rights; (2) by a person acting under color of state law. 42 U.S.C. §

21  1983; American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49 (1999). Fahy has failed to meet

22  either requirement and each such failure constitutes a separate basis for dismissal.

23              a.      The State Bar Defendants Are Not Persons Under Section 1983

24          The State Bar is not a "person" subject to suit under 42 U.S.C. section 1983. Will v.

25

26  ───────────────

    [4] All of Fahy's class allegations are properly subject to dismissal because *pro se* plaintiffs are not
27  permitted to bring class actions. See Fed. R. Civ. P. 23(a); see also C.E. Pope Equity Trust v.
    United States, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a *pro se* litigant may not appear as
28  an attorney for others).

1  Michigan Dept. State Police, 491 U.S. 58, 70-71 (1989) (neither states nor governmental entities

2  that are considered "arms of the State" for Eleventh Amendment purposes are "persons" subject

3  to suit under section 1983). Moreover, when a state official is sued in his or her official capacity,

4  that individual is not considered a "person" subject to suit under section 1983. Garcia v. Superior

5  Court, 50 Cal.3d 728, 738-39 (1990). As such, Fahy's section 1983 claim cannot stand against

6  State Bar Defendants.

7                        b.        Fahy Fails to Establish a Federal Deprivation

8             As described above, Fahy asserts a hodgepodge of broadly worded due process related

9  accusations against State Bar Defendants. Fahy was granted an opportunity to be heard "at a

10  meaningful time and in a meaningful manner." Matthews v. Eldridge, 424 U.S. 319, 333 (1976),

11  quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965). And Fahy has failed to make any

12  specific allegations showing that any State Bar Defendant intentionally fabricated facts,

13  submitted false reports or testimony, or intimated or terrorized him. See Bell Atlantic Corp., 127

14  S.Ct. at 1964-65. Each and every one of his numerous other claims also fails to state a cause of

15  action upon which relief can be granted.

16             Malicious Prosecution/Abuse of Process/Falsifying Evidence: To state a claim under

17  section 1983 for these types of claims, Fahy must demonstrate not only a deprivation of a

18  constitutionally protected right, but also all of the elements of the tort under state law. Haupt v.

19  Dillar, 17 F.3d 285, 290 (9th Cir. 1994). Fahy has not met his pleading burden. Under state tort

20  law, an individual seeking to bring such a claim must generally establish that the prior

21  proceedings terminated in such a manner as to indicate innocence. See Jaffe v. Stone, 18 Cal.2d

22  146, 150 (1941); Awabdy v. City of Adelanto, 368 F.3d 1062, 1068 (9th Cir. 2004); Heck v.

23  Humphrey, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a

24  malicious prosecution action is termination of the prior … proceeding in favor of the accused.").

25  Here, Fahy was found culpable by the California Supreme Court of four counts of attorney

26  misconduct after which it imposed significant disciplinary sanctions.[5] Fahy fails to state a claim

27  _____

28  [5] Fahy implies that he was prosecuted because defendants Dennings and Hummer "refused to
honor their agreement and filed charges against the plaintiff". Complaint, 13:1-2. This statement,

1    for malicious prosecution and related claims.

2          Presumption of Culpability for Trust Account Violations: Fahy complains that the State

3    Bar presumed him culpable of a trust account violation (Rule Prof. Conduct 4-100(A)) and that

4    this presumption was offered as "conclusive and irrefutable proof" of his misappropriation.

5    Complaint, 3:5-23. In other words, Fahy contends that the State Bar's inference of culpability in

6    trust account matters constitutes an irrebuttable presumption and a violation of due process. This

7    contention is nonsense.

8          An irrebuttable presumption may constitute a due process violation. See U.S. v. Jordan,

9    964 F.2d 944, 947 (9th Cir. 1992) (sentencing guideline inferring weight of marijuana plants

10   does not create unconstitutional irrebuttable presumption); Barry v. Barchi, 443 U.S. 55, 65

11   (1979) (presumption that trainer was responsible once fact established that his horse was drugged

12   is not improper.). But this case does not involve an irrebuttable presumption. In California

13   attorney disciplinary cases "[e]vidence that the balance in a trust account fell below the amount

14   credited to a client is sufficient *to support a finding* of willful misappropriation". Emphasis

15   added. Edwards v. State Bar, 52 Cal.3d 28, 37 (1990).  The plain language of this well-

16   established rule of decisional law in California clearly confirms that the inference is rebuttable

17   and only "supports" a finding of culpability. It neither creates an irrebuttable presumption of

18   culpability nor does it eliminate the State Bar's burden to prove culpability by clear and

19   convincing evidence. Rules Proc. of the State Bar of Cal. rule 213. Moreover, Fahy was given

20   significant opportunity to present his side of the story. The record clearly demonstrates that Fahy

21   took advantage of this opportunity. For example, Fahy asserts that he presented evidence that his

22   client was not entitled to the monies held in trust and that the lien holder agreed that he could

23   place the disputed funds in a non-IOLTA account. (Complaint, 13:10-25.) See also, RJN, Ex. B,

24   pp. 7-8 (Review Department Opinion describing evidence Fahy presented to rebut inference that

25

26   however, is inconsistent with Fahy's own alleged facts. Fahy himself alleges that Dennings and
     Hummer offered him a private reproval with an admission of moral turpitude. He objected to the
27   moral turpitude admission and signed the stipulation without the moral turpitude portion.
     Complaint, 12:15-13:3.  Since Fahy would not agree to admit to moral turpitude, there was no
28   agreement.

**17**

State Bar Defs' Memo. Of Points & Authorities In Support Of Motion To Dismiss Compl.        CV 08-2496-CW

1   he failed to properly maintain client funds in his trust account). The disputed inference is

2   rebuttable, fair and not a violation of due process.

3       Conspiracy: Fahy asserts a conspiracy claim under both 18 U.S.C. 241 (Complaint,

4   20:19-21:7) and 42 U.S.C. 1985 (21:8-18). The facts that Fahy alleges to support his conspiracy

5   claims, however, must meet Rule 12(b)(6) sufficiency.  In Bell Atlantic Corp. v. Twombly, infra,

6   the Supreme Court refined and heightened the "plain statement" pleading standard for

7   conspiracy: the factual scenario cannot be neutral, it must be factually suggestive of a plausible

8   conspiracy to show entitlement to relief. Id. at 1966, n. 5, 1974. Fahy, on the other hand,

9   provides absolutely no information describing his alleged conspiracy and the part each individual

10  State Bar Defendant played in this alleged legal drama. Because Fahy's assertions do not suggest

11  a plausible conspiracy, his claims fall far short of Bell Atlantic's heightened "plain statement"

12  requirement.  These claims should be dismissed.

13      "Atonement" as Violation of Article Six of the U.S. Constitution: Fahy claims that

14  defendants "require the petitioner [Fahy] to atone in order to maintain admission to the

15  California State Bar, this in violation of Article Six of the United States Constitution prohibiting

16  religious tests for holdling office of public trust." Complaint, 6:24-7:1. This contention is

17  frivolous on its face. The State Bar established Standards for Attorney Sanctions for Professional

18  Misconduct to serve as guidelines for determining the appropriate disciplinary sanction in

19  individual cases. Guzzetta v. State Bar, 43 Cal.3d 962, 967 (1987) (The Standards were adopted

20  by the State Bar Board of Governors in 1985 in an effort to achieve greater consistency in the

21  imposition of sanctions.). The Standards are not binding on the California Supreme Court. Id. at

22  678. Standard 1.2(b)(v) of the Standards provides that it is a factor in aggravation if a member

23  "demonstrated indifference towards rectification of or atonement for the consequences of his or

24  her misconduct." Fahy can offer no authority to support his claim that this neutrally applied non-

25  binding standard imposes a religious test on his ability to practice law.

26      Supervisory Liability: Fahy alleges that State Bar Defendants should be held liable for

27  failing to supervise and train their subordinate employees (Complaint, 22:22-24:14 & 27:10-

28  28:4) and that his constitutional deprivations were caused by State Bar Defendants' customs and

**18**

State Bar Defs' Memo. Of Points & Authorities In Support Of Motion To Dismiss Compl.        CV 08-2496-CW

1   practices. Id. To establish a claim for supervisory liability, Fahy must establish that State Bar

2   Defendants were deliberately indifferent to his constitutional deprivation or have a custom or

3   policy that violates his federally protected rights. See Robinson v. Prunty, 249 F.3d 862, 866 (9th

4   Cir. 2001); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694

5   (1978). Fahy has alleged absolutely no material facts to support this claim. Instead, he relies on

6   legal conclusions and conclusory statements. He offers no specific acts that could constitute

7   "deliberate indifference" on the part of any State Bar Defendant nor has he identified any illegal

8   custom or practice. As noted above, the rebuttable presumption of culpability in client trust

9   account cases that offends Fahy so much is entirely proper. If there is no underlying

10  constitutional violation, the associated claims of liability for failure to supervise and train or

11  policy or custom must also fail. Cardenas v. Lewis, 66 Fed.Appx. 86, 90 (9th Cir. 2003).[6] [7]

12          5.      Fahy Fails to Assert any State Causes of Action

13          Fahy's contentions that State Bar Defendants violated California's Unruh Act

14  (Complaint, 24:21-23) and the Unfair Business Practices Act (Complaint, 28:5-29:4) assert state

15  law violations to which state law applies. As discussed above, there is no Ex Parte Young

16  ──────────────────────

17  [6] Fahy's claim that the State Bar's IOLTA statute constitutes an unlawful taking under the Fifth
18  Amendment (Complaint, 29:11-14) was refuted by the Supreme Court in Brown v. Legal
    Foundation of Washington, 538 U.S. 216, 235-37 (2003) (holding that transfer of interest earned
19  in IOLTA accounts to pay for legal services for the poor constituted a per se taking, but that no
20  just compensation was due because there was no net loss to the clients who owned the principal.)

21  [7] Fahy offers only broad legal conclusions and unsupported conjecture to support his claim that
    California's attorney disciplinary system and its State Bar Court are unconstitutional and a
22  "sham". For example, he contends that the Review Department does not review Hearing
    Department decisions de novo (Complaint, 8:7-9) and that the Supreme Court "exercises no
23  control, oversight or supervision" over the State Bar Court. Complaint, 8: 21-25. As a matter of
    law, Fahy's insubstantial allegations do not support his claim and, in any case, are obviously
24  incorrect. In fact, California decisional law is replete with examples of the Supreme Court
    exercising its inherent jurisdiction over the practice of law in connection with State Bar
25  disciplinary proceedings. See e.g. In re Attorney Discipline, 19 Cal.4th 582 (1998) (Supreme
    Court has inherent authority to impose a regulatory fee upon attorneys for the purpose of
26  supporting an attorney discipline system); In re Rose, 22 Cal.4th 430 (2000) (summary denial of
    disciplined attorney's petition for review does not deny due process since it necessarily includes
27  a determination on the merits); & Lebbos v. State Bar, 53 Cal.3d 37 (1991) (discipline imposed
28  upon attorney was not unconstitutional violation of associational and free speech rights.

**19**

State Bar Defs' Memo. Of Points & Authorities In Support Of Motion To Dismiss Compl.          CV 08-2496-CW

1    exception to the Eleventh Amendment for state law claims, which this Court cannot hear even if

2    limited to injunctive relief. Moreover, as demonstrated below, Fahy's assertions lack merit under

3    California law.

4                    a.      State Bar Defendants Enjoy State Immunity from State Law Claims

5            As with federal claims, State Bar Defendants enjoy state immunity from suit. Fahy's

6    disciplinary action falls squarely within the immunity granted to public entities and employees

7    for their discretionary licensing activities. Cal. Gov. Code § 818.4; Cal. Gov. Code § 821.2;

8    Rosenthal v. Vogt, 229 Cal.App.3d 69, 75 (1991). In addition, while assisting the California

9    Supreme Court in attorney admission and discipline matters, the State Bar performs a judicial

10   function and shares in the Court's judicial immunity from damages. Lebbos v. State Bar, 165

11   Cal.App.3d 656, 665 (1985); Greene v. Zank, 158 Cal.App.3d 497, 511 (1984); Levanti, 585

12   F.Supp. at 504.

13                   b.      Fahy Failed to Comply with California's Government Tort Claims Act

14           Fahy's state tort claims against State Bar Defendants fail because he did not comply with

15   the Government Tort Claims Act. California law is very clear; before filing a claim against a

16   public entity, a plaintiff must *file* a Government Tort claim with the agency. Compliance with the

17   claims statute is mandatory. City of San Jose v. Superior Ct., 12 Cal.3d 447, 454 (1974) Dilts v.

18   Cantua Elem. Sch. Dist., 189 Cal.App.3d 27, 32 (1987) (policy of pre-filing a tort claim with the

19   public entity provides the entity a timely opportunity to investigate, determine facts, and settle

20   meritorious claims without needless litigation). The absence of any allegation that Fahy has

21   satisfied the pre-filing requirement is fatal to all his state damage claims against State Bar

22   Defendants.

23                   c.      Fahy Fails to Adequately Allege any State Claims

24           Finally, Fahy's state theories simply fail to state legally cognizable claims under

25   California law.

26           California Unruh Act: Fahy alleges that the State Bar violated the Unruh Act (Cal. Civ.

27   Code §51). Complaint, 24:21-23. The Unruh Act works to ensure that all persons are free from

28   discrimination in California business establishments. This claim fails for a few reasons: the State

---

**20**

1   Bar is immune from suit (see above), Fahy has utterly failed to allege material facts to allege a

2   claim of discrimination, and, in any case, the Unruh Act does not apply to the State Bar.

3   Generally, the Unruh Act applies only to private persons and organizations. See Gardner v. Vie

4   Tanny Compton, Inc., 182 Cal.App.2d 506, 510 (1960) ("the civil rights statutes [§ 51 et seq.]

5   are concerned with the protection of equal rights with respect to facilities and services offered to

6   the public by *private persons*.") (emphasis added). Fahy can cite no authority applying the Unruh

7   Act to a constitutionally established entity like the State Bar in the performance of judicial

8   functions and which also shares in the California Supreme Court's immunity from damages.[8]

9        California's Unfair Competition Act: This claim (Complaint, 28:5-29:4) must also fail

10  because, simply put, California's Unfair Competition Act (Cal. Bus. & Prof. Code  § 17200 et

11  seq.) does not apply to public entities and their employees. See Trinkle v. California State

12  Lottery, 71 Cal.App.4[th] 1198, 1202-03 (1999) ("Nowhere in the Unfair Competition Act [citation

13  omitted] is there a provision imposing governmental liability for violations of the act.").

14       6.    Fahy's Request for Equitable Relief Is Improper and Should Be Denied

15       Finally, Fahy's requested injunctive and declaratory relief is improper. Fahy requests that

16  the Court declare that the State Bar Court is unconstitutional, that the State Bar Court's

17  recommendations and decisions "are and always have been invalid and void as a matter of

18  law…", that the State Bar maintains an unconstitutional presumption of culpability in connection

19  with client trust account violations and that Fahy "cannot be held culpable of any wrongdoing of

20  any kind on such a premise", and that the State Bar must conduct its disciplinary actions

21  constitutionally. Because the California Supreme Court has ultimate control over disciplinary

22  proceedings, this is, in reality, a request for this Court to enjoin the California Supreme Court.

23  Doing so would severely restrain the State Bar's ability to regulate the profession and to

24  

25  [8] Imposing Unruh Act liability for the State Bar's performance in disciplinary proceedings would interfere with the California Supreme Court's sovereign power to regulate the legal profession.

26  See Sacramento Municipal Utility District v. County of Solano, 54 Cal.App.4[th] 1163, 1167 (1997) (relying on the "well-settled rule of statutory construction that absent express language to

27  the contrary, governmental entities are excluded from the operation of general statutory provisions which implicate the exercise of sovereign powers" to deny county's taxation of a

28  municipal power plant.)

**21**

State Bar Defs' Memo. Of Points & Authorities In Support Of Motion To Dismiss Compl.          CV 08-2496-CW

1   discipline attorneys. "Any injunction regarding governmental functions is generally only

2   permitted in extraordinary circumstances . . . as officials should be given the widest latitude

3   while performing their official duties." Olagues v. Russoniello, 770 F.2d 791, 799 (9th Cir. 1985)

4   (internal quotations and citations omitted). Fahy's requests for declaratory relief are similarly

5   flagrantly self-serving, plainly improper and they should be denied.

6         As explained in Public Service Comm'n of Utah v. Whycoff Co., Inc., 344 U.S. 237

7   (1952), courts should approach declaratory proceedings against state officials with caution, as

8   such relief is often "incompatible with a proper federal-state relationship," particularly when the

9   requested relief would frustrate legitimate action by a state agency. Id. at 247. Fahy's requests

10   are an obvious effort to obtain a declaratory judgment prohibiting the State Bar and California

11   Supreme Court from imposing disciplinary sanctions upon him and, therefore, are prohibited.

12                   IV.  CONCLUSION

13         For each of the foregoing reasons, State Bar Defendants respectfully request that the

14   Court grant the motion to dismiss without leave to amend.  Dismissal without leave to amend is

15   appropriate in this case as amendment would be futile. See Nunes v. Ashcroft, 348 F.3d 815, 818

16   (9th Cir. 2003); Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) (futility justifies denial of

17   leave to amend); see also Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1998)

18   (amendment is futile if no set of facts can be proven under the amendment that would constitute

19   a valid claim or defense.

20   DATED: September 5, 2008        Respectfully Submitted,

21                           MARIE M. MOFFAT

22                           LAWRENCE C. YEE
                              MARK TORRES-GIL

23

24                           By: _____ s/Mark Torres-Gil
                              Mark Torres-Gil

25                           Counsel for Defendant The State Bar of California
                           Hon. Judith Epstein, Hon. Madge Watai, Hon. Ronald

26                           Stovitz, Hon. Patrice McElroy, Scott Drexel, Lawrence J.
                           DalCerro,  Donald R. Steedman, Tammy Albertsen-

27                           Murray, Erica L. Dennings, Michael Hummer, Jeffrey
                           Bleich and Sheldon Sloan

28

PROOF OF SERVICE BY MAIL

1

2      I, Joan Sundt, hereby declare: that I am over the age of eighteen years and am not a

3  party to the within above-entitled action, that I am employed in the City and County of San

4  Francisco, that my business address is The State Bar of California, 180 Howard Street, San

5  Francisco, CA 94105.

6      On, September 5, 2008, following ordinary business practice, I placed for collection

7  or mailing at the offices of the State Bar of California, 180 Howard Street, San Francisco,

8  California 94105, one copy of THE STATE BAR DEFENDANTS' MEMORANDUM OF

9  POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

10 fully prepaid in an envelope addressed as follows:

11          Francis Fahy
            259 Oak Street
12          San Francisco, CA  94102

13 I am readily familiar with the State Bar of California's practice for collection and processing

14 correspondence for mailing with the U.S. Postal Service and, in the ordinary course of business,

15 the correspondence would be deposited with the U.S. postal mail service on the day on which it

16 is collected at the business.

17      I declare under penalty of perjury under the laws of the State of California that the

18 foregoing is true and correct.

19      Executed at San Francisco, California this 5th day of September, 2008.

20                          s/Joan Sundt

21

22

23

24

25

26

27

28