IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANCIS T. FAHY,

    Plaintiff,

   v.

JUSTICES OF THE SUPREME COURT OF THE STATE OF CALIFORNIA, et al.,

    Defendants.
                                         /

No. C 08-02496 CW

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

In two separate motions, the State Bar Defendants and the Judicial Defendants move to dismiss Plaintiff's claims, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), based on lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Plaintiff opposes the motions. Having considered all the papers filed by the parties, the Court GRANTS Defendants' motions.

## BACKGROUND

In 1990, Plaintiff was admitted to the California Bar. (Complaint at Paragraph 30.) The State Bar filed disciplinary charges against Plaintiff alleging that he misappropriated client funds held in trust in his State Bar Interest On Lawyer's Trust Account (IOLTA). (Id. at Paragraph 35.) After a hearing, a state bar judge found Plaintiff culpable for misappropriation of funds

and moral turpitude. (Id. at Paragraph 37.) Plaintiff sought review in the State Bar appeals board and the California Supreme Court; both denied his petitions. (Id. at Paragraphs 38-39.) He then sought certiorari in the United States Supreme Court, which was denied. (Notice of Order of denial of petition for Writ of Certiorari, October 9, 2007, at 1.)

On May 16, 2008, Plaintiff filed the instant complaint in this Court for declaratory, injunctive and monetary relief for violations of his federal civil rights and alleging state law claims of malicious prosecution, conspiracy, negligence, qui tam and defamation. Plaintiff named as defendants the Supreme Court of California, the State Bar of California, the justices of the California Supreme Court, California State Bar judges and California State Bar officials. All individual Defendants are named in their official and individual capacities.

## LEGAL STANDARD

I.  Dismissal under Federal Rule of Civil Procedure 12(b)

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988), cert. denied, 488 U.S. 1006 (1989). A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint. Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d

1173, 1177 (9th Cir. 1987).

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case.  Therefore, a Rule 12(b)(1) challenge should be decided before other grounds for dismissal, because they will become moot if dismissal is granted. Alvares v. Erickson, 514 F.2d 156, 160 (9th Cir.), cert. denied, 423 U.S. 874 (1975).

An action should not be dismissed for lack of subject matter jurisdiction without giving the plaintiff an opportunity to amend unless it is clear that the jurisdictional deficiency cannot be cured by amendment.  May Dep't Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th Cir. 1980).

II. Dismissal under Federal Rule of Civil Procedure 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  See Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911

1  F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment
2  would be futile, the court examines whether the complaint could be
3  amended to cure the defect requiring dismissal "without
4  contradicting any of the allegations of [the] original complaint."
5  Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).
6  Leave to amend should be liberally granted, but an amended
7  complaint cannot allege facts inconsistent with the challenged
8  pleading.  Id. at 296-97.

DISCUSSION

I.  Eleventh Amendment Immunity

Defendants argue that they are immune from Plaintiff's suit because of the immunity granted states, state agencies and state officials by the Eleventh Amendment.  The Eleventh Amendment provides, in relevant part, that the "judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States . . . ."  U.S. Const., Amend. XI.  States are protected by the Eleventh Amendment from suits by citizens in federal court unless the defendant has waived immunity or Congress has exercised its Fourteenth Amendment power to override immunity.  Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996); Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989).  A waiver requires an express statement and must explicitly extend to suits in federal court.  Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1988).

Eleventh Amendment protection extends to suits brought against state agencies, Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993), including the State Bar of California, Hirsh v. Justices of the Sup. Ct., 67 F.3d 708, 715

(9th Cir. 1995), and the state courts, Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987). It also extends to suits for damages brought against state officials acting in their official capacity. Will, 491 U.S. at 71. However, the Eleventh Amendment does not bar a request for prospective injunctive relief against a state official acting in his or her official capacity. Edelman v. Jordan, 415 U.S. 651, 664 (1974); Pena v. Gardner, 976 F.2d 469, 472 n.5 (9th Cir. 1992). The Eleventh Amendment does not bar individual capacity suits. Blaylock v. Schwinden, 862 F.2d 1352, 1354 (9th Cir. 1988).

Plaintiff first argues that Defendants waived their Eleventh Amendment immunity. This argument fails because there is no evidence that the State expressly waived its immunity to suit in federal court.

Plaintiff then argues that Eleventh Amendment immunity does not apply because Defendants' role is administrative enforcement of attorney disciplinary regulations rather than judicial. However, this argument is applicable only to judicial immunity, which is not the same as the broader Eleventh Amendment immunity protecting state agencies.

Therefore, due to Eleventh Amendment immunity, the Court dismisses Plaintiff's claims against the Supreme Court of California and the State Bar of California, as well as Plaintiff's official capacity claims for damages against the individual State Bar Defendants and the California Supreme Court justices. Plaintiff's remaining claims against individual Defendants in their individual capacity and for prospective injunctive and declaratory relief against individual Defendants in their official capacity are

5

barred because under the Rooker-Feldman doctrine the Court lacks subject matter jurisdiction.

II.  The Rooker-Feldman Doctrine

Defendants argue that Plaintiff's complaint asks the Court to review a state court decision, which review is barred by the Rooker-Feldman doctrine.  The federal district courts lack jurisdiction to review state court orders and judgments.  Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  Only the United States Supreme Court can review state court orders and judgments.  Id. This jurisdictional limitation on the district courts' power is known as the Rooker-Feldman doctrine.  Id.

Although the Rooker-Feldman doctrine does not prohibit district courts from considering a general constitutional challenge to a State Bar rule of general applicability, it does bar challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  Feldman, 460 U.S. at 483-486.  A federal district court cannot review orders of a state court relating to admission, discipline and disbarment of members of its bar; these orders can only be reviewed by the United States Supreme Court.  MacKay v. Nesbett, 412 F.2d 846, 846 (9th Cir. 1969); Craig v. State Bar of California, 141 F.3d 1353, 1354 (9th Cir. 1998).

A federal action constitutes a de facto appeal of a state judgment where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the

6

state ruling or require the district court to interpret the application of state laws or procedural rules." Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003).

All of the causes of action in Plaintiff's complaint arise from the injuries he allegedly suffered as a result of his disciplinary proceedings before the California State Bar and the California Supreme Court's decision to deny review of his case. Therefore, the Rooker-Feldman doctrine bars Plaintiff's causes of action in the instant complaint.

Plaintiff's claims against Defendants fail due to a lack of subject matter jurisdiction either under the Eleventh Amendment or under the Rooker-Feldman doctrine or both.

III. Judicial Immunity

The California Supreme Court Justices and the State Bar judges and officials also argue that they are entitled to judicial immunity and therefore the claims against them should be dismissed. Plaintiff counters that Defendants are not entitled to judicial immunity because they were performing administrative acts. Judges and those performing judge-like functions are absolutely free from liability for acts performed in their official capacities. Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986) (en banc). A judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Hyland v. Wonder, 117 F.3d at 413 n.1 (holding that judge may lose protection of judicial immunity when performing an administrative act). Whether an act by a judge is a judicial one depends upon (1) the nature and function of the act and not the act itself, i.e., whether it is a function normally performed by a judge, and (2) the expectations of the

7

parties, i.e., whether they dealt with the judge in his or her judicial capacity. Mireles v. Waco, 502 U.S. 9, 11-13. Prosecutors are protected by immunity from claims that rely upon decisions made and actions taken by the attorneys within the scope of their roles as advocates. Kalina v. Fletcher, 522 U.S. 118, 125-26, 130-31 (1997); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). Judicial immunity does extend to damages suits against state bar judges and prosecutors when such suits are based on alleged wrongdoing in the administration of attorney discipline functions. Hirsh, 67 F.3d at 715.

Citing Supreme Court of Virginia v. Consumers Union of the United States, Inc., 446 U.S. 719 (1980) and In re Attorney Discipline System, 19 Cal. 4th 582 (1998), Plaintiff argues that justices, judges and prosecutors are not eligible for immunity when they act as enforcers of administrative systems. Defendants, Plaintiff alleges, were acting to enforce State Bar disciplinary and IOLTA regulations and are not protected by judicial immunity.

Consumers Union of the United States, Inc. and In re Attorney Discipline System were suits respectively challenging the regulation of attorney advertising and the imposition of a fee on attorneys to fund an attorney disciplinary system. Plaintiff's complaint, however, addresses his grievances about procedural errors and improper rulings in his underlying state proceedings and their review by the California Supreme Court justices. Although Plaintiff includes language in his oppositions suggesting a facial challenge to IOLTA and disciplinary regulations, his complaint is about his personal disciplinary proceedings, which are judicial in character. Thus, Defendants are immune from liability.

8

## IV. Futility of Amendment

As noted, in his oppositions Plaintiff indicates that he meant to bring a general constitutional challenge to the disciplinary and IOLTA regulations of the State Bar. However, an amendment to the current complaint to allege a general constitutional challenge to the disciplinary and IOLTA regulations of the State Bar would be futile for the following reasons.

### A. Rooker-Feldman Doctrine

As described above, the Rooker-Feldman doctrine applies where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." Bianchi, 334 F.3d at 898.

Any facial constitutional challenge to IOLTA or the State Bar disciplinary regulations that Plaintiff could make is inextricably intertwined with the State Bar court and the California Supreme court's judgments on Plaintiff's discipline by the State Bar. Plaintiff admits he specifically raised such challenges in the state proceedings: "Defendants claim that plaintiff[] could have raised any constitutional challenges to its State Bar court proceeding in their review department. He did." (Plaintiff's Opposition to Judicial Defendants' Motion to Dismiss at 22.) Thus, Plaintiff would be asking the Court to review a state court decision, which is barred by the Rooker-Feldman doctrine.

### B. Collateral Estoppel

California preclusion rules govern whether a prior state court judgment precludes re-litigation of an identical claim in federal

9

court.  In California, collateral estoppel applies when "(1) the party against whom the plea is raised was a party or was in privity with a party to the prior adjudication, (2) there was a final judgment on the merits in the prior action and (3) the issue necessarily decided in the prior adjudication is identical to the one that is sought to be remedied."  Smith v. Exxon Mobil Oil Corporation, 153 Cal. App. 4th 1407, 1414 (2007).  Application of the doctrine must also comport with fairness and sound public policy.  Vandenberg v. Superior Court, 21 Cal. 4th 815, 835 (1999). Although the State Bar court cannot consider federal constitutional claims, such claims can be raised in judicial review of the State Bar court's decision.  Hirsh, 67 F.3d at 713.  California State Bar disciplinary procedures fully comport with due process requirements.  Rosenthal v. Justices of the Supreme Court of California, 910 F.2d 560, 564-565 (9th Cir. 1990).

    Plaintiff was a party in the prior state proceeding.  The California Supreme Court's denial of Plaintiff's petition for review was a final decision on the merits.  As noted above, Plaintiff admits that he raised his constitutional objections in the course of his State Bar proceedings. (Plaintiff's Opposition to Judicial Defendants' Motion to Dismiss at 22.)  Plaintiff had a fair opportunity to litigate the issues in the state proceeding; he appealed his case to the California Supreme Court and then petitioned for certiorari from the United States Supreme Court, which was denied.

    C.   First Amendment Challenge and IOLTA

    Plaintiff appears to argue in his oppositions that his actions of failing to maintain client funds in an IOLTA account are

protected by the First Amendment. He also appears to argue that the State Bar's presumption of willful misappropriation when a client trust account falls below the amount credited to a client violates his First Amendment rights. However, he offers no explanation of how any spoken words or expressive conduct were impacted. Plaintiff also alleges that the IOLTA regulations interfere with his clients' right to counsel, which is protected by the First Amendment. However, he offers no support for this allegation.

### D. Standing

Plaintiff argues in his oppositions that he has standing to allege a violation of the rights of third parties on a facial challenge to IOLTA and State Bar disciplinary regulations because the standing limitation is more relaxed in the First Amendment context.

A non-attorney may appear on his own behalf, but that privilege is personal to him. McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966). A pro-se litigant has no authority to appear as an attorney for anyone other than himself. Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962).

A pro se litigant has standing to seek prospective injunctive and declaratory relief on a facial challenge to a regulation if he or she has an injury in fact and a real or immediate possibility of a future injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Wolfe v. Strankman, 392 F.3d 358, 363 (9th Cir. 2004). This future injury must be actual or imminent, not conjectural. Id.

Plaintiff is currently not eligible to practice law in California. He may not file a facial challenge to IOLTA and State

11

Bar disciplinary practices on behalf of a class of attorneys. There is no need to consider his claim that the First Amendment has a more relaxed standing requirement because he has proffered no First Amendment challenge.

    Further, no future injury to Plaintiff is clear or imminent. His oppositions imply that he is fearful of future disciplinary hearings and that he will continue to tell clients what he thinks is best about IOLTA accounts.  However, because Plaintiff is currently ineligible to practice law, such concerns are not imminent.  If and when he does become eligible to practice law again, he will not be disciplined for talking to clients about IOLTA accounts, only for misappropriation of client funds from IOLTA accounts.  Plaintiff has no standing to bring a facial challenge to State Bar regulations.

    For all of the above reasons, an amended complaint would be futile.

## CONCLUSION

    For the foregoing reasons, Defendants' motions to dismiss are GRANTED and the complaint is dismissed with prejudice.  The clerk shall enter judgment against Plaintiff and close the file.  Each party shall bear its own costs.  The hearing, previously scheduled for October 16, 2008, is vacated.

    IT IS SO ORDERED.

Dated: 10/17/08

_____
CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

FRANCIS T. FAHY,

        Plaintiff,

v.

CA SUPREME COURT JUSTICES et al,

        Defendant.

Case Number: CV08-02496 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 17, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Francis Thomas Fahy
259 Oak Street
San Francisco, CA 94102

Dated: October 17, 2008

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

13